IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Abd Al Rahman Abdullah Al Halmandy,
    ISN # 118
      Detainee,                        )
      Guantanamo Bay Naval Station   )
      Guantanamo Bay, Cuba;         )
                                   )
                                   )

Abdulrahman,
      Detainee,                        )
      Guantanamo Bay Naval Station   )
      Guantanamo Bay, Cuba;         )
                                   )

Inshanullah,
      Detainee,                        )
      Guantanamo Bay Naval Station   )
      Guantanamo Bay, Cuba;         )      **PETITION FOR WRIT**
                                   )      **OF HABEAS CORPUS**

                                   )      **No. _____**

Khalid Deshire,
      Detainee,                        )
      Guantanamo Bay Naval Station   )
      Guantanamo Bay, Cuba;         )
                                     )

Mohammed Kameen,
      Detainee,                        )
      Guantanamo Bay Naval Station   )
      Guantanamo Bay, Cuba;         )
                                     )

Saki Bacha,
      Detainee,                        )
      Guantanamo Bay Naval Station   )
      Guantanamo Bay, Cuba;         )
                                     )

Shamsullah,
      Detainee,                        )
      Guantanamo Bay Naval Station   )
      Guantanamo Bay, Cuba;         )
                                     )

1

)

**Abou Yassir Jezairi,**
     **Detainee,** )
     **Guantanamo Bay Naval Station** )
     **Guantanamo Bay, Cuba;** )
)
)

**Abdal Rauf Zalitini,**
     **Detainee,** )
     **Guantanamo Bay Naval Station** )
     **Guantanamo Bay, Cuba;** )
)
)

**Abdaul Razak Ali-Haj,**
     **Detainee,** )
     **Guantanamo Bay Naval Station** )
     **Guantanamo Bay, Cuba;** )
)
)

**Adnan,**
     **Detainee,** )
     **Guantanamo Bay Naval Station** )
     **Guantanamo Bay, Cuba;** )
)
)

**Ahamed,**
     **Detainee,** )
     **Guantanamo Bay Naval Station** )
     **Guantanamo Bay, Cuba;** )
)
)

**Salah Deen Ibn Shaikh,**
     **Detainee,** )
     **Guantanamo Bay Naval Station** )
     **Guantanamo Bay, Cuba;** )
)
)

**Salih,**
     **Detainee,** )
     **Guantanamo Bay Naval Station** )
     **Guantanamo Bay, Cuba;** )
)
)

**Saleh Libi,**
     **Detainee,** )
     **Guantanamo Bay Naval Station** )
     **Guantanamo Bay, Cuba;** )
)

2

Muhammed Saad Iqbal Madni,
    Detainee,
    Guantanamo Bay Naval Station
    Guantanamo Bay, Cuba;

Said Madany,
    Detainee,
    Guantanamo Bay Naval Station
    Guantanamo Bay, Cuba;

Abdullah Jaffa,
    Detainee,
    Guantanamo Bay Naval Station
    Guantanamo Bay, Cuba;

Abu Hadifa,
    Detainee,
    Guantanamo Bay Naval Station
    Guantanamo Bay, Cuba;

Mohammed Abdullah,
    Detainee,
    Guantanamo Bay Naval Station
    Guantanamo Bay, Cuba;

Sanjawez Raweel Kameel Weej,
    ISN # 702
    Detainee,
    Guantanamo Bay Naval Station
    Guantanamo Bay, Cuba;

Abul Aziz Al Matrafi,
    Detainee,
    Guantanamo Bay Naval Station
    Guantanamo Bay, Cuba;

Majed Baryan,
    Detainee,
    Guantanamo Bay Naval Station
    Guantanamo Bay, Cuba;

3

)
)

**Mohamed Fahad Saad Al Zu'bi,**
        **Detainee,**                                           )
        **Guantanamo Bay Naval Station**                        )
        **Guantanamo Bay, Cuba;**                               )
                                                                )
                                                                )

**Moussa,**
        **Detainee,**                                           )
        **Guantanamo Bay Naval Station**                        )
        **Guantanamo Bay, Cuba;**                               )
                                                                )
                                                                )

**Saud Al Jouhany,**
        **Detainee,**                                           )
        **Guantanamo Bay Naval Station**                        )
        **Guantanamo Bay, Cuba;**                               )
                                                                )
                                                                )

**Sultan Al Shareef,**
        **Detainee,**                                           )
        **Guantanamo Bay Naval Station**                        )
        **Guantanamo Bay, Cuba;**                               )
                                                                )
                                                                )

**Abdu Tawab,**
        **Detainee,**                                           )
        **Guantanamo Bay Naval Station**                        )
        **Guantanamo Bay, Cuba;**                               )
                                                                )
                                                                )

**Abdul Aziz,**
        **Detainee,**                                           )
        **Guantanamo Bay Naval Station**                        )
        **Guantanamo Bay, Cuba;**                               )
                                                                )
                                                                )

**Abu Rawdah,**
        **Detainee,**                                           )
        **Guantanamo Bay Naval Station**                        )
        **Guantanamo Bay, Cuba;**                               )
                                                                )
                                                                )

**Abdul Al Hamman,**
        **Detainee,**                                           )
        **Guantanamo Bay Naval Station**                        )
        **Guantanamo Bay, Cuba;**                               )

)
)

**Abdul Latif,**
 **Detainee,** )
 **Guantanamo Bay Naval Station** )
 **Guantanamo Bay, Cuba;** )
 )
 )

**Abdulla Haji,**
 **Detainee,** )
 **Guantanamo Bay Naval Station** )
 **Guantanamo Bay, Cuba;** )
 )
 )

**Abdulla,**
 **Detainee,** )
 **Guantanamo Bay Naval Station** )
 **Guantanamo Bay, Cuba;** )
 )
 )

**Adel,**
 **Detainee,** )
 **Guantanamo Bay Naval Station** )
 **Guantanamo Bay, Cuba;** )
 )
 )

**Bital Adel Halami,**
 **Detainee,** )
 **Guantanamo Bay Naval Station** )
 **Guantanamo Bay, Cuba;** )
 )
 )

**Hisham,**
 **Detainee,** )
 **Guantanamo Bay Naval Station** )
 **Guantanamo Bay, Cuba;** )
 )
 )

**Rafiove bin Bashir,**
 **Detainee,** )
 **Guantanamo Bay Naval Station** )
 **Guantanamo Bay, Cuba;** )
 )
 )

**Riad Nargeri,**
 **Detainee,** )
 **Guantanamo Bay Naval Station** )
 **Guantanamo Bay, Cuba;** )

)
)

**Ridah,**
  **Detainee,** )
  **Guantanamo Bay Naval Station** )
  **Guantanamo Bay, Cuba;** )
)
)

**Saif,**
  **Detainee,** )
  **Guantanamo Bay Naval Station** )
  **Guantanamo Bay, Cuba;** )
)
)

**Masoud,**
  **Detainee,** )
  **Guantanamo Bay Naval Station** )
  **Guantanamo Bay, Cuba;** )
)
)

**Abdullah,**
  **Detainee,** )
  **Guantanamo Bay Naval Station** )
  **Guantanamo Bay, Cuba;** )
)
)

**Abdullah ali Saleh,**
  **Detainee,** )
  **Guantanamo Bay Naval Station** )
  **Guantanamo Bay, Cuba;** )
)
)

**Amar Biloushi,**
  **Detainee,** )
  **Guantanamo Bay Naval Station** )
  **Guantanamo Bay, Cuba;** )
)
)

**Ibrahim Nayif Abdallah Ibrahim,**
  **Detainee,** )
  **Guantanamo Bay Naval Station** )
  **Guantanamo Bay, Cuba;** )
)
)

**Mohammed Chinguity,**
  **Detainee,** )
  **Guantanamo Bay Naval Station** )
  **Guantanamo Bay, Cuba;** )

6

)
)

**Abdo Ali Al Haj,**
  **ISN # 1457**
   **Detainee,**      )
   **Guantanamo Bay Naval Station** )
   **Guantanamo Bay, Cuba;**  )
           )
           )

**Abdulrahman,**
   **Detainee,**      )
   **Guantanamo Bay Naval Station** )
   **Guantanamo Bay, Cuba;**  )
           )
           )

**Abu Baker Shammrany,**
   **Detainee,**      )
   **Guantanamo Bay Naval Station** )
   **Guantanamo Bay, Cuba;**  )
           )
           )

**Ali Kadami,**
   **Detainee,**      )
   **Guantanamo Bay Naval Station** )
   **Guantanamo Bay, Cuba;**  )
           )
           )

**Dr. Ayman,**
   **Detainee,**      )
   **Guantanamo Bay Naval Station** )
   **Guantanamo Bay, Cuba;**  )
           )
           )

**Fawaz,**
   **Detainee,**      )
   **Guantanamo Bay Naval Station** )
   **Guantanamo Bay, Cuba;**  )
           )
           )

**Houmad Warzly,**
   **Detainee,**      )
   **Guantanamo Bay Naval Station** )
   **Guantanamo Bay, Cuba;**  )
           )

**Mohamed Rajab,**
   **Detainee,**      )
   **Guantanamo Bay Naval Station** )

Guantanamo Bay, Cuba;                    )
                                         )
                                         )

**Othman Ali Muhammed Omar,**
          Detainee,                      )
          **Guantanamo Bay Naval Station** )
          **Guantanamo Bay, Cuba;**        )
                                         )
                                         )

**Sabry Mohammed,**
          **ISN # 570**
          Detainee,                      )
          **Guantanamo Bay Naval Station** )
          **Guantanamo Bay, Cuba;**        )
                                         )
                                         )

**Saleh,**
          Detainee,                      )
          **Guantanamo Bay Naval Station** )
          **Guantanamo Bay, Cuba;**        )
                                         )
                                         )

**Waqas Mohammed Ali Awad,**
          Detainee,                      )
          **Guantanamo Bay Naval Station** )
          **Guantanamo Bay, Cuba;**        )
                                         )

**Zakaria,**
          Detainee,                      )
          **Guantanamo Bay Naval Station** )
          **Guantanamo Bay, Cuba;**        )
                                         )

**Khalid Mohammed,**
          Detainee,                      )
          **Guantanamo Bay Naval Station** )
          **Guantanamo Bay, Cuba;**        )

**Muhammad Nur Uthman Muhammad,**
          Detainee,                      )
          **Guantanamo Bay Naval Station** )
          **Guantanamo Bay, Cuba;**        )

**Mahdi Salih,**
          Detainee,                      )
          **Guantanamo Bay Naval Station** )
          **Guantanamo Bay, Cuba;**        )

*Petitioners,*                           )

8

v.

GEORGE W. BUSH,
    President of the United States
    The White House
    1600 Pennsylvania Ave., N.W.
    Washington, D.C. 20500;

DONALD RUMSFELD,
    Secretary, United States
    Department of Defense
    1000 Defense Pentagon
    Washington, D.C. 20301-1000;

ARMY BRIG. GEN. JAY HOOD,
    Commander, Joint Task Force - GTMO
    JTF-GTMO
    APO AE 09360; and

ARMY COL. MIKE BUMGARNER,
    Commander, Joint Detention
      Operations Group, JTF - GTMO
    JTF-GTMO
    APO AE 09360,

*Respondents.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## PETITION FOR WRIT OF HABEAS CORPUS

The above-named Petitioners ("Petitioners") seek the Great Writ. Each Petitioner acts on his own behalf. Each Petitioner is a civilian wrongly classified as an "enemy combatant" by the President of the United States, and is being held virtually *incommunicado* in military custody at the United States Naval Station in Guantánamo Bay, Cuba ("Guantánamo"). Petitioners' detention is without lawful basis, without charge, and without access to counsel or any fair process by which Petitioners might challenge their detention. Petitioners are being held under color and authority of the Executive, in violation of the Constitution, laws, and treaties of the United States, in violation of the fundamental due process principles of the common law, and in

violation of customary international law.  Accordingly, this Court should issue a Writ of Habeas Corpus compelling Respondents either to release Petitioners or to establish in this Court a lawful basis for Petitioners' detention.  This Court should also order injunctive and declaratory relief.

# I.
## JURISDICTION

1.     Petitioners bring this action under 28 U.S.C. §§ 2241(a), (c)(1), and (c)(3) and 2242. Petitioners further invoke this Court's jurisdiction under 28 U.S.C. §§ 1331, 1350, 1651, 2201, and 2202; 5 U.S.C. § 702; Articles I and II of, and the Fifth and Sixth Amendments to the United States Constitution. Because Petitioners seek declaratory relief, Petitioners also rely upon Fed. R. Civ. P. 57.

2.     This Court is empowered to declare the rights and other legal relations of the parties in this matter by 28 U.S.C. § 2201, and to effectuate and enforce declaratory relief by all necessary and proper means by 28 U.S.C. § 2202, as this case involves an actual controversy within the Court's jurisdiction, and to issue all writs necessary or appropriate in aid of its jurisdiction by 28 U.S.C. § 1651.

# II.
## PARTIES

3.     Petitioner Abd Al Rahman Abdullah Al Halmandy is a citizen of Afghanistan who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo.  *See* Exhibit A, Declaration of Barbara J. Olshansky ("Olshansky Decl.") ¶ 15.

4.     Petitioner Abdulrahman is a citizen of Afghanistan who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo.  *See* Exhibit A, Olshansky Decl. ¶ 15.

5.    Petitioner Inshanullah is a citizen of Afghanistan who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶.

6.    Petitioner Khalid Deshire is a citizen of Afghanistan who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

7.    Petitioner Mohammed Kameen is a citizen of Afghanistan who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

8.    Petitioner Saki Bacha is a citizen of Afghanistan who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

9.    Petitioner Shamsullah is a citizen of Afghanistan who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

10.    Petitioner Abou Yassir Jezairi is a citizen of Algeria who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

11.    Petitioner Abdal Rauf Zalitini is a citizen of Libya who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

12.    Petitioner Abdaul Razak Ali-Haj is a citizen of Libya who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

13.    Petitioner Adnan is a citizen of Libya who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

14.    Petitioner Ahamed is a citizen of Libya who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

15.    Petitioner Salah Deen Ibn Shaikh is a citizen of Libya who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

16.    Petitioner Salih is a citizen of Libya who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

17.    Petitioner Saleh Libi is a citizen of Mauritania who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

18.    Petitioner Muhammed Saad Iqbal Madni is a citizen of Pakistan who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

19.    Petitioner Said Madany is a citizen of Pakistan who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

20.    Petitioner Abdullah Jaffa is a citizen of Palestine who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

21.    Petitioner Abu Hadifa is a citizen of Palestine who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

22.    Petitioner Mohammed Abdullah is a citizen of Palestine who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

23.    Petitioner Sanjawez Raweel Kameel Weej is a citizen of Russia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

24.    Petitioner Abul Aziz Al Matrafi is a citizen of Saudi Arabia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

25.    Petitioner Majed Baryan is a citizen of Saudi Arabia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

26.    Petitioner Mohamed Fahad Saad Al Zu'bi is a citizen of Saudi Arabia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

27.    Petitioner Moussa is a citizen of Saudi Arabia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

28.    Petitioner Saud Al Jouhany is a citizen of Saudi Arabia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

29. Petitioner Sultan Al Shareef is a citizen of Saudi Arabia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

30. Petitioner Abdu Tawab is a citizen of Somalia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

31. Petitioner Abdul Aziz is a citizen of Somalia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

32. Petitioner Abu Rawdah is a citizen of Syria who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

33. Petitioner Abdul Al Hamman is a citizen of Tunisia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

34. Petitioner Abdul Latif is a citizen of Tunisia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

35. Petitioner Abdulla Haji is a citizen of Tunisia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

36. Petitioner Abdulla is a citizen of Tunisia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

37.     Petitioner Adel is a citizen of Tunisia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

38.     Petitioner Bital Adel Halami is a citizen of Tunisia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

39.     Petitioner Hisham is a citizen of Tunisia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

40.     Petitioner Rafiove bin Bashir is a citizen of Tunisia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

41.     Petitioner Riad Nargeri is a citizen of Tunisia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

42.     Petitioner Ridah is a citizen of Tunisia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

43.     Petitioner Saif is a citizen of Tunisia who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

44.     Petitioner Masoud is a citizen of Turkey who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

45.     Petitioner Abdullah is a citizen of Turkistan who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo.  *See* Exhibit A, Olshansky Decl. ¶ 15.

46.     Petitioner Abdo Ali Al Haj is a citizen of Yemen who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo.  *See* Exhibit A, Olshansky Decl. ¶ 15.

47.     Petitioner Abdulrahman is a citizen of Yemen who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo.  *See* Exhibit A, Olshansky Decl. ¶ 15.

48.     Petitioner Abu Baker Shammrany is a citizen of Yemen who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo.  *See* Exhibit A, Olshansky Decl. ¶ 15.

49.     Petitioner Ali Kadami is a citizen of Yemen who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo.  *See* Exhibit A, Olshansky Decl. ¶ 15.

50.     Petitioner Dr. Ayman is a citizen of Yemen who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo.  *See* Exhibit A, Olshansky Decl. ¶ 15.

51.     Petitioner Fawaz is a citizen of Yemen who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo.  *See* Exhibit A, Olshansky Decl. ¶ 15.

52.     Petitioner Houmad Warzly is a citizen of Yemen who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo.  *See* Exhibit A, Olshansky Decl. ¶ 15.

53.  Petitioner Mohamed Rajab is a citizen of Yemen who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

54.  Petitioner Othman Ali Muhammed Omar is a citizen of Yemen who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

55.  Petitioner Sabry Mohammed is a citizen of Yemen who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

56.  Petitioner Saleh is a citizen of Yemen who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

57.  Petitioner Waqas Mohammed Ali Awad is a citizen of Yemen who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

58.  Petitioner Zakaria is a citizen of Yemen who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

59.  Petitioner Muhammad Nur Uthman Muhammad is a citizen of Sudan who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

60.  Petitioner Mahdi Salih is a citizen of Sudan who is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

61.  Petitioner Khalid Mohammed is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

62.  Petitioner Abdullah Ali Saleh is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

63.  Petitioner Amar Biloushi is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

64.  Petitioner Ibrahim Nayif Abdallah Ibrahim is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

65.  Petitioner Mohammed Chinguity is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo. *See* Exhibit A, Olshansky Decl. ¶ 15.

66.  Respondent George W. Bush is the President of the United States and Commander-in-Chief of the United States Military. Petitioners are being detained pursuant to President Bush's authority as Commander-in-Chief, under the laws and usages of war, or alternatively, pursuant to the Executive Order of November 13, 2001, Detention, Treatment, and Trial of Certain Non-Citizens in the War Against Terrorism, 66 Fed. Reg. 57,833 (November 13, 2001) ("Executive Order"). President Bush is responsible for Petitioners' unlawful detention and is sued in his official capacity.

67.  Respondent Donald Rumsfeld is the Secretary of the United States Department of Defense. Pursuant to the President's authority as Commander-in-Chief, his authority under the laws and usages of war, or alternatively, pursuant to the Executive Order, Respondent Rumsfeld has been charged with maintaining the custody and control of Petitioners. He is sued in his official capacity.

68.    Respondent Brigadier Gen. Jay Hood is the Commander of Joint Task Force-GTMO, the task force running the detention operation at Guantánamo Bay.  He has supervisory responsibility for Petitioners and is sued in his official capacity.

69.    Respondent Army Colonel Mike Bumgarner is the Commander of the Joint Detention Operations Group and the JTF-GTMO detention camps, including the U.S. facility where Petitioners are presently held.  He is the immediate custodian responsible for Petitioners' detention and is sued in his official capacity.

70.    Respondents are directly responsible for any activities undertaken by or under the supervision of any agents or employees acting on their behalf, or of agents or employees of private contractors ("contractor employees") with whom any agency under Respondents' authority or supervision has contracted for the provision of services at Guantanamo.  All references to Respondents' actions in this Petition include activities performed by Respondents' agents or employees, other government agents or employees or contractor employees.

**III.**
**STATEMENT OF FACTS**

71.    Upon information and belief Petitioners are not, nor have they ever been, enemy aliens, lawful or unlawful belligerents, or combatants of any kind under any definition adopted by the government in any civil or military proceeding.

72.    Upon information and belief, each Petitioner seeks to enforce his right to a judicial determination of the lawfulness of his detention.

73.    Upon information and belief, Petitioners are not, nor have they ever been "enemy combatants" who were "part of or supporting forces hostile to the United States or coalition partners in Afghanistan and who were engaged in an armed conflict against the

United States there." *Hamdi v. Rumsfeld*, 524 U.S. 507, 124 S. Ct. 2633, 2639 (plurality) (2004).

74.   Upon information and belief, each Petitioner seeks to enforce his right to a judicial determination by an appropriate and lawful authority as to whether there is a lawful and factual basis for Respondents' determination that he is either an "enemy combatant" as defined by the United States Supreme Court in *Hamdi* or an "enemy combatant" as that term is defined and used by the Executive in the Combatant Status Review Tribunals.

75.   Upon information and belief, at the time of his seizure and detention, Petitioners were not members of the Taliban Government's armed forces or Al Qaeda.   Prior to each Petitioner's detention, he did not commit any violent act against any American person or property.   Petitioners had no involvement, direct or indirect, in the terrorist attacks on the United States on September 11, 2001, the ensuing international armed conflict, or any act of international terrorism attributed by the United States to Al Qaeda.   Petitioners remain incarcerated at the U.S. Naval base at Guantánamo, Cuba, a territory over which the United States exercises exclusive jurisdiction and control.

76.   Petitioners have not been afforded any procedures that would satisfy their rights under the most fundamental common law notions of due process, the U.S. Constitution, the laws and treaties of the United States, or customary international law.

77.   Upon information and belief, each Petitioner wishes to pursue in United States courts every available legal challenge to the lawfulness of his detention.

**The Joint Resolution**

78.   In the wake of the September 11, 2001 attacks on the United States, the United States, at the direction of President Bush, began a massive military campaign against the Taliban government, then in power in Afghanistan.   On September 18, 2001, a Joint Resolution of

Congress authorized President Bush to use force against the "nations, organizations, or persons" that "planned, authorized, committed, or aided the terrorist attacks on September 11, 2001, or [that] harbored such organizations or persons." Joint Resolution 23, Authorization for Use of Military Force, Public Law 107-40, 115 Stat. 224 (Jan. 18, 2001) ("Joint Resolution").

79.    As Petitioners did not participate in the armed conflict at any point in time, they are not properly detained pursuant to President Bush's authority as Commander-in-Chief, under the laws and usages of war, or the Joint Resolution.

## The Executive Order

80.    On November 13, 2001, Respondent Bush issued an Executive Order authorizing Respondent Rumsfeld to detain indefinitely anyone Respondent Bush has "reason to believe":

   i.    is or was a member of the organization known as al Qaeda;
   ii.   has engaged in, aided or abetted, or conspired to commit, acts of international terrorism, or acts in preparation therefor, that have caused, threaten to cause, or have as their aim to cause, injury to or adverse effects on the United States, its citizens, national security, foreign policy, or economy; or
   iii.  has knowingly harbored one or more individuals described in subparagraphs (i) and (ii).

*See* Executive Order, 66 Fed. Reg. 57,833, §2 (November 13, 2001). President Bush must make this determination in writing. The Executive Order was neither authorized nor directed by Congress, and is beyond the scope of the Joint Resolution of September 18, 2001.

81.    The Executive Order purports to vest President Bush with the sole discretion to identify individuals who fall within its purview. It establishes no standards governing the exercise of his discretion. Once a person has been detained, the Executive Order contains no provision for that person to be notified of the charges he may face. The Executive

Order authorizes detainees to be confined indefinitely without charges. It contains no provision for a detainee to be notified of his rights under domestic and international law, and provides neither the right to counsel, nor rights to notice of consular protection or to consular access at the detainee's request. It provides no right to appear before a neutral tribunal to review the basis for or the legality of a detainee's continued detention and contains no provision for recourse to an Article III court. In fact, the Executive Order expressly bars review by any court. The Executive Order authorizes indefinite and unreviewable detention, based on nothing more than President Bush's written determination that an individual is subject to its terms.

82. The Executive Order was promulgated in the United States and in this judicial district, the decision to incarcerate Petitioners was made by Respondents in the United States and in this judicial district, the decision to detain Petitioners at Guantánamo was made in the United States and in this judicial district, and the decision to continue detaining Petitioners was, and is, being made by Respondents in the United States and in this judicial district.

83. Upon information and belief, President Bush has never certified or determined in any manner, in writing or otherwise, that Petitioners are subject to the Executive Order.

84. Petitioners are not properly subject to the Executive Order.

85. Petitioners have not been, and are not being, detained lawfully either pursuant to the Executive Order, President Bush's authority as Commander-in-Chief, and/or the laws and usages of war in that Petitioners have been denied the process due to them under the common law and the Due Process Clause of the Fifth Amendment to the Constitution of the United States, domestic civil and military law, and international law.

**Guantánamo Bay Naval Station**

86. On or about January 11, 2002, the United States military began transporting prisoners captured in Afghanistan to Camp X-Ray at the United States Naval Base in Guantánamo Bay, Cuba. In April 2002, prisoners were transferred to Camp Delta, a more permanent prison facility at Guantánamo. Currently, some prisoners are housed in Camp Delta and Camp Five, an additional maximum-security interrogation and detention center.

87. Prisoners incarcerated at Guantánamo are entitled to test the legality of their detention in the federal courts. *See Rasul v. Bush*, 524 U.S. 466, 124 S. Ct. 2686, 2698 (June 28, 2004).

88. On a date unknown to counsel, but known to Respondents, the United States military transferred Petitioners to Guantánamo, where they have been held ever since, in the custody and control of Respondents.

**The Conditions of Detention at Guantánamo**

89. Since gaining control of Petitioners, the United States military has held them virtually *incommunicado*.

90. Upon information and belief, Petitioners have been or will be interrogated repeatedly by agents of the United States Departments of Defense and Justice, and the Central Intelligence Agency, though they have not been charged with an offense and have not been notified of any pending or contemplated charges. Petitioners have not appeared before a lawful military or civilian tribunal, and have not been provided access to counsel or the means to contact and secure counsel. Petitioners have not been adequately informed of their rights under the United States Constitution, the regulations of the United States Military, the Geneva Convention, the International Covenant on Civil and Political Rights, the American Declaration on the Rights and Duties of Man, the 1954

Convention Relating to the Status of Refugees or customary international law.  Indeed, Respondents have taken the position that Petitioners should not be informed of these rights.  As a result, Petitioners lack any ability to protect or to vindicate their rights under domestic and international law.

91.  Upon information and belief, Petitioners have been forced to provide involuntary statements to Respondents' agents at Guantanamo.

92.  Upon information and belief, Petitioners have been held under conditions that violate their constitutional and international rights to dignity and freedom from torture and from cruel, inhuman and degrading treatment or punishment.  *See, e.g.,*:

    a.  Amnesty International, "Guantánamo and Beyond: The Continuing Pursuit of Unchecked Executive Power," at 83-115, Ch. 12-13, AMR 51/063/2005 (13 May 2005);

    b.  Physicians for Human Rights, "Break Them Down: Systematic Use of Psychological Torture by US Forces," Ch.3 (2005);

    c.  United Nations Press Release, "United Nations Human Rights Experts Express Continued Concern About Situation of Guantánamo Bay Detainees," Feb. 4, 2005;

    d.  International Committee of the Red Cross, Press Release, "The ICRC's Work at Guantánamo Bay," Nov. 30, 2004;

    e.  International Committee of the Red Cross, Operational Update, "US Detention Related to the Events of September 11, 2001 and Its Aftermath - the Role of the ICRC," July 26, 2004;

    f.  Amnesty International, *United States of America: Human Dignity Denied: Torture and Accountability in the 'War on Terror'*, at 22 (Oct. 27, 2004) (available at http://web.amnesty.org/library/Index/ENGAMR 511452004);

g. Barry C. Scheck, *Abuse of Detainees at Guantanamo Bay*, The Nat'l Assoc. of Criminal Defense Lawyers Champion, Nov. 2004, at 4-5.

93.    Indeed, many of these violations – including isolation for up to 30 days, 28-hour interrogations, extreme and prolonged stress positions, sleep deprivation, sensory assaults, forced nudity and humiliation, hooding, and the use of dogs to create anxiety and terror – were actually interrogation techniques approved for use at Guantánamo by the most senior Department of Defense lawyer. *See e.g.*, Action Memo from William J. Haynes II, General Counsel, DOD, to Secretary of Defense (Nov. 27, 2002); *Pentagon Working Group Report on Detainee Interrogations in the Global War on Terrorism: Assessment of Legal, Historical, Policy and Operational Considerations*, at 62-65 (Apr. 4, 2003).[1]

94.    In a confidential report to the United States government, the ICRC charged the U.S. military with intentional use during interrogations of psychological and physical coercion on prisoners at Guantánamo that is "tantamount to torture." *See* Neil A. Lewis, "Red Cross Finds Detainee Abuse in Guantánamo," *New York Times*, Nov. 30, 2004, at A1. The report includes claims that doctors and other medical workers at Guantánamo participated in planning for interrogations. *Id.*; *see also* M. Gregg Bloche and Jonathan H. Marks, "When Doctors Go to War," *New England Journal of Medicine*, Jan. 6, 2005, at 3-4.

---

[1] Additional details of the cruel and degrading conditions suffered by detainees at Guantanamo are set out at length in a statement by numerous released British detainees. *See* Shafiq Rasul, Asif Iqbal & Rhuhel Ahmed, *Composite Statement: Detention in Afghanistan and Guantanamo Bay*,   300,   at   http://www.ccr-ny.org/v2/reports/docs/Gitmo-compositestatementFINAL23 july04.pdf). The Department of Defense also informed the Associated Press that a number of interrogators at Guantanamo have been demoted or reprimanded after investigations into accusations of abuse at the facility. *See Report Details Guantanamo Abuses*, Assoc. Press, Nov. 4, 2004.

95.  Since details of the ICRC's report emerged, new revelations of abuse and torture at Guantánamo have appeared, including FBI memos detailing torture and "highly aggressive interrogation techniques" including 24-plus hour interrogations involving beatings, temperature extremes, dogs, prolonged isolation, and loud music. *See, e.g.,*:

a.  Carol D. Leonnig, "Guantanamo Detainee Says Beating Injured Spine; Now in Wheelchair, Egyptian-Born Teacher Objects to Plan to Send Him to Native Land," *Wash. Post*, Aug. 13, 2005, at A18;

b.  Amnesty International, "Guantánamo and Beyond: The Continuing Pursuit of Unchecked Executive Power," at 83-115, Ch. 12-13, AMR 51/063/2005 (13 May 2005);

c.  Amnesty International, *Guantánamo: An Icon of Lawlessness,* Jan. 6, 2005, at 3-5;

d.  Neil A. Lewis, "Fresh Details Emerge on Harsh Methods at Guantánamo," *New York Times*, Jan. 1, 2005, at A11;

e.  Carol D. Leonnig, "Further Detainee Abuse Alleged; Guantánamo Prison Cited in FBI Memos," *Washington Post*, Dec. 26, 2004, at A1;

f.  Neil A. Lewis and David Johnston, "New F.B.I. Memos Describe Abuses of Iraq Inmates," *New York Times*, Dec. 21, 2004, at A1;

g.  Dan Eggen and R. Jeffrey Smith, "FBI Agents Allege Abuse of Detainees at Guantánamo Bay," *Washington Post*, Dec. 21, 2004, at A1;

h.  Neil A. Lewis, "F.B.I. Memos Criticized Practices at Guantánamo," *New York Times*, Dec. 7, 2004, at A19.

96.  In fact, many of the egregious interrogation techniques used in the Abu Ghraib detention center and other detention facilities in Iraq—such as the use of aggressive dogs to intimidate detainees, sexual humiliation, stress positions, and sensory deprivation—were

pioneered at Guantánamo. *See* Josh White, "Abu Ghraib Dog Tactics Came From Guantanamo; Testimony Further Links Procedures at 2 Facilities," *Wash. Post*, July 27, 2005, at A14; *and* Josh White, "Abu Ghraib Tactics Were First Used at Guantanamo," *Wash. Post*, July 14, 2005 at A1.

97.    The unlawful interrogation techniques used by Respondents at Guantánamo include not only direct physical and psychological abuse but also impermissible conduct intended to undermine the detainees' due process rights, such as representing to detainees that government agents are their habeas lawyers for the express purpose of extracting information from the detainees. *See* Sam Hannel, "Lawyers Describe Guantánamo Detainees," *Seattle Post-Intelligencer*, Jan. 19, 2005.

98.    In addition, military defense lawyers have been instructed to limit their representation of detainees in a manner that would operate to the detriment of their clients in violation of due process requirements. *See* David Johnston & Neil Lewis, "Lawyer Says Military Tried To Coerce Detainee's Plea," *NY Times*, June 16, 2005, at A25 (Late Ed.).

99.    Respondents, acting individually or through their agents, have stated that the humanitarian limitations which normally apply to the U.S. military's use of coercive interrogation techniques under the auspices of the Department of Defense, *do not apply* to interrogations conducted by CIA agents or other specially-designated government officers assigned to such work. *See* Amnesty International, "Guantánamo and Beyond: The Continuing Pursuit of Unchecked Executive Power," at 27-43, Ch. 5, AMR 51/063/2005 (13 May 2005); Eric Lichtblau, "Gonzales Says '02 Policy on Detainees Doesn't Bind CIA," *New York Times*, Jan. 19, 2005, at A17; Dan Eggen and Charles Babington, "Torture by U.S. Personnel Illegal, Gonzales Tells Senate," *Washington Post*, Jan. 18, 2005, at A4.

100. In published statements, President Bush and Secretary Rumsfeld, and the predecessors of Hood and Bumgarner, respectively, Lenhert and Carrico, have proclaimed that the United States may hold the detainees under their current conditions indefinitely. *See, e.g.,* Roland Watson, *The Times* (London), Jan. 18, 2002 ("Donald Rumsfeld, the U.S. Defense Secretary, suggested last night that Al-Qaeda prisoners could be held indefinitely at the base. He said that the detention of some would be open-ended as the United States tried to build a case against them."); Lynne Sladky, Assoc. Press, Jan. 22, 2002 ("Marine Brig. Gen. Mike Lehnert, who is in charge of the detention mission, defended the temporary cells where detainees are being held 'We have to look at Camp X-ray as a work in progress […]' Lehnert told CNN. Lehnert said plans are to build a more permanent prison 'exactly in accordance with federal prison standards."); John Mintz, "Extended Detention in Cuba Mulled," *The Washington Post*, February 13, 2002 ("As the Bush Administration nears completion of new rules for conducting military trials of foreign detainees, U.S. officials say they envision the naval base at Guantanamo Bay, Cuba, as a site for the tribunals and as a terrorist penal colony for many years to come.").

101. According to the Department of Defense, detainees who are adjudged innocent of all charges by a military commission may nevertheless be kept in detention at Guantanamo indefinitely. *See* Department of Defense Press Background Briefing of July 3, 2003, at http://www.defenselink.mil/transcripts/2003/tr20030703-0323.html (last visited August 24, 2005).

102. Counsel for Respondents have also consistently maintained that the United States may hold the detained Petitioners under their current conditions indefinitely. *In re Guantánamo Detainee Cases*, Nos. 02-CV-0299 (CKK), *et al.*, (D.D.C.), Tr. of Dec. 1, 2004 Oral Argument on Motion to Dismiss at 22-24, Statements of Principle Deputy

Associate Attorney Gen. Brian Boyle; *see also* Dana Priest, "Long-Term Plan Sought for Terror Suspects," *Wash. Post*, Jan. 2, 2005, at A1.

103.    In fact, the government has failed to release a number of Guantánamo detainees even after it has determined that the detainees are "no longer enemy combatants." *See* Robin Wright, "Chinese Detainees Are Men Without a Country; 15 Muslims, Cleared of Terrorism Charges, Remain at Guantanamo With Nowhere to Go," *Wash. Post*, August 24, 2005, at A1 (Final Ed.); Ben Fox, "U.S. to Ease Conditions for Some Detainees," *Chicago Trib.*, Aug. 11, 2005, at C4.

104.    The government has acknowledged its plan to begin constructing a new, more permanent detention facility at Guantánamo.    Christopher Cooper, "In Guantánamo, Prisoners Languish in a Sea of Red Tape," *Wall Street Journal*, Jan. 26, 2005, at A1; Associated Press, "Guantánamo Takes on the Look of Permanency," Jan. 9, 2005.

### Rendition

105.    During interrogations, Guantanamo detainees have also been threatened with rendition or transfer to countries that permit indefinite detention without charge or trial and/or routinely practice torture.    Upon information and belief, the United States has secretly transferred detainees to such countries without complying with the applicable legal requirements for extradition.    This practice, known as "extraordinary rendition," is used to facilitate interrogation by subjecting detainees to torture.    *See* Jane Mayer, "Outsourcing Torture: The Secret History of American's "Extraordinary Rendition" Program, *The New Yorker*, Feb. 14, 2005, at 106.

106.    The U.S. government's "extraordinary rendition" program has been well documented by key American and international news organizations, including the *Washington Post*, *The*

*Los Angeles Times*, and the British Broadcasting Corporation (the "BBC"). According to

news accounts:

> Since September 11, the U.S. government has secretly transported dozens
> of people suspected of links to terrorists to countries other than the United
> States bypassing extradition procedures and legal formalities, according to
> Western diplomats and intelligence source. The suspects have been taken
> to countries . . . whose intelligence services have close ties to the CIA and
> where they can be subjected to interrogation tactics -- including torture
> and threats to families -- that are illegal in the United States, the sources
> said. In some cases, U.S. intelligence agents remain closely involved in
> the interrogations, the sources said.

Rajiv Chanrasekaran & Peter Finn, "U.S. Behind Secret Transfer of Terror Suspects,"

*Wash. Post*, Mar. 11, 2002, at A1; *see also* Dana Priest, "Long Term Plan Sought for

Terror Suspects," *Wash. Post*, Jan. 2, 2005, at A1 ("The transfers, called 'renditions,'

depend on arrangements between the United States and other countries, such as Egypt . . .

that agree to have local security services hold certain suspects in their facilities for

interrogation by CIA and foreign liaison officers.").

107.    In fact, the government has recently announced its intention to render many Guantánamo

detainees to countries which have a documented record of human rights violations,

including state-sponsored torture. *See, e.g.,* Matthew Waxman, "Beyond Guantanamo,"

*Wash. Times*, Aug. 20, 2005, at A17; Robin Wright and Josh White, "U.S. Holding Talks

on Return of Detainees; Administration Close to Reaching Agreements With 10 Muslim

Governments," *Wash. Times*, Aug. 9, 2005, at A13; Neil Lewis, "Guantanamo Detention

Site Is Being Transformed, U.S. Says," *NY Times*, Aug. 6, 2005, at A8 (Late Ed.); Paul

Richter, "U.S. to Repatriate 110 Afghans Jailed at Guantanamo Bay," *LA Times*, Aug. 5,

2005, at A18.

108.    Moreover, upon information and belief, the government is conditioning the transfer or

rendering of detainees to their countries of origin on the requirement that the home

country imprison the detainee without regard to the detainee's individual factual or legal situation. *See* Robin Wright and Josh White, "U.S. Holding Talks on Return of Detainees; Administration Close to Reaching Agreements With 10 Muslim Governments," *Wash. Post*, August 9, 2005, at A13; BBC Worldwide Monitoring, "USA to release 107 Yemenis from Guantanamo Bay," August 10, 2005 (available from LEXIS, MWP90 file) ("The US authorities declared few days ago that they would extradite detainees from Guantanamo Bay to Afghanistan, Saudi Arabia and Yemen on the condition [that they are] to be put in jail.").

109. Upon information and belief, Petitioners were: a) initially taken into custody against their will not by American forces but instead by bounty hunters who then handed him over to the Americans for sums ranging from $3,000 to $15,000; b) rendered by the U.S. government to third countries for interrogation under torture prior to their transport to Guantánamo for detention; c) seized from other countries far outside the zone of military hostilities in Afghanistan and placed in military detention; and/or d) were tortured and abused during interrogations and at other times while in detention at Guantánamo.

110. Upon information and belief, Petitioners are at risk of being rendered, returned or transferred without lawful process to a country that permits indefinite detention without process and/or engages in torture or abuse during interrogation.

## IV.
## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### (STATUTORY COMMON LAW DUE PROCESS AND DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES - UNLAWFUL DEPRIVATION OF LIBERTY)

111. Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

112.   By the actions described above, Respondents, acting under color of law, have violated and continue to violate common law principles of due process as well as the Due Process Clause of the Fifth Amendment to the Constitution of the United States.  President Bush has ordered the prolonged, indefinite, and arbitrary detention of individuals including Petitioners, without due process of law, and the remaining Respondents have implemented those orders.  Respondents' actions deny Petitioners the process accorded to persons seized and detained by the United States military in times of armed conflict as established by, *inter alia*, the Uniform Code of Military Justice, Army Regulation 190-8, Articles 3 and 5 of the Third and Fourth Geneva Conventions, the common law, and customary international law as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

113.   To the extent that Petitioners' detention purports to be authorized by the Executive Order, that Order violates the Fifth Amendment on its face and as applied to Petitioners, and therefore also violates 28 U.S.C. § 2241 (c)(3).

114.   To the extent that Petitioners' detention is without basis in law and violates the common law principles of due process embodied in 28 U.S.C. § 2241 (c)(1), Petitioners' detention is unlawful.

115.   Accordingly, Petitioners are entitled to habeas, declaratory, and injunctive relief as well as any other relief the Court may deem appropriate.

SECOND CLAIM FOR RELIEF
(DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES - UNLAWFUL CONDITIONS OF CONFINEMENT)

116.   Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

117.  By the actions described above, Respondents, acting under color of law, have violated and continue to violate the right of Petitioners to be free from unlawful conditions of confinement, in violation of the Due Process Clause of the Fifth Amendment to the Constitution of the United States.

118.  Accordingly, Petitioners are entitled to declaratory and injunctive relief as well as any other relief the Court may deem appropriate.

THIRD CLAIM FOR RELIEF<br>(GENEVA CONVENTIONS - ARBITRARY DENIAL OF DUE PROCESS)

119.  Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

120.  By the actions described above, Respondents, acting under color of law, have denied and continue to deny Petitioners the process accorded to persons seized and detained by the United States military in times of armed conflict as established by specific provisions of the Third and Fourth Geneva Conventions.

121.  Violations of the Geneva Conventions are direct treaty violations and are also violations of customary international law, and constitute an enforceable claim under 28 U.S.C. § 2241 (c)(3).

122.  Respondents are liable for this conduct described above, insofar as they set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified, and/or conspired to violate the Geneva Conventions.

123.  Accordingly, Petitioners are entitled to habeas, declaratory, and injunctive relief as well as any other relief the Court may deem appropriate.

FOURTH CLAIM FOR RELIEF<br>(INTERNATIONAL HUMANITARIAN AND HUMAN RIGHTS LAW -<br>ARBITRARY DENIAL OF DUE PROCESS)

124.  Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

125.   By the actions described above, Respondents have denied and continue to deny Petitioners the process due to persons seized and detained by the United States military in times of armed conflict as establish by customary international humanitarian and human rights law as reflected, expressed, and defined in multilateral treaties and other international instruments and domestic judicial decisions, and other authorities.

126.   Because Respondents are detaining Petitioners "under or by color of the authority of the United States," they are violating 28 U.S.C. § 2241(c)(1), and because Respondents are detaining Petitioners "in violation of the Constitution or laws or treaties of the United States," they are also violating 28 U.S.C. § 2241(c)(3). Petitioners are therefore entitled to habeas relief.

127.   Petitioners are entitled to habeas, declaratory, and injunctive relief as well as any other relief the court may deem appropriate.

FIFTH CLAIM FOR RELIEF
(ALIEN TORT STATUTE - TORTURE)

128.   Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

129.   By the actions described above, the Respondents directed, ordered, confirmed, ratified, and/or conspired together and with others to bring about acts that deliberately and intentionally inflicted severe physical and psychological abuse and agony upon Petitioners in order to obtain coerced information or confessions from them, punish or intimidate Petitioners or for other purposes. Among other abuses, Petitioners have been held in and surrounded by conditions of isolation; constant vulnerability to repeated interrogation and severe beatings; the threat or reality of being kept in cages with no privacy; shackled with heavy chains and irons; placed in solitary confinement or the threat of solitary confinement for minor rule infractions for prolonged periods of time; interrogated while shackled and chained in painful positions; exposed to extremes of

34

temperature; subjected to violent behavior or the threat of violence; threatened with rendition to countries that practice torture; sexually humiliated; denied access to counsel and family; deprived of adequate medical care; and subjected to repeated psychological abuse.

130. The acts described herein constitute torture in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violate customary international law prohibiting torture as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

131. Respondents are liable for said conduct because they directed, ordered, confirmed, ratified, and/or conspired together and with others to commit the acts of torture against Petitioners.

132. Petitioners were forced to suffer severe physical and psychological abuse and agony and are entitled to habeas, declaratory, and injunctive relief and other relief to be determined at trial.

**SIXTH CLAIM FOR RELIEF**
**(ALIEN TORT STATUTE - WAR CRIMES)**

133. Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

134. By the actions described above, Respondents' acts directing, ordering, confirming, ratifying, and/or conspiring to bring about the torture and other inhumane treatment of Petitioners constitute war crimes and/or crimes against humanity in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated, among others, the Fourth Geneva Convention, Common Article III of the Geneva Conventions and Additional Protocols I and II of the Geneva Conventions as well as customary international law prohibiting war crimes as reflected, expressed, and defined in other

multilateral treaties and international instruments, international and domestic judicial decision, and other authorities.

135.  As a result of Respondents' unlawful conduct, Petitioners have been and are forced to suffer severe physical and psychological abuse and agony, and are therefore entitled to declaratory, and injunctive relief, and such other relief as the Court may deem appropriate.

SEVENTH CLAIM FOR RELIEF
(ALIEN TORT STATUTE –
CRUEL, INHUMAN OR DEGRADING TREATMENT)

136.  Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

137.  The acts described herein had the intent and the effect of grossly humiliating and debasing Petitioners, forcing them to act against their will and conscience, inciting fear and anguish, and breaking their physical or moral resistance.

138.  The acts described herein constitute cruel, inhuman or degrading treatment in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international law prohibiting cruel, inhuman or degrading treatment as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

139.  Respondents are liable for said conduct in that they directed, ordered, confirmed, ratified, and/or conspired together and with others to cause the cruel, inhuman or degrading treatment of Petitioners.

140.  Petitioners were forced to suffer severe physical and psychological abuse and agony and are entitled to declaratory and injunctive relief as well as other relief to be determined at trial.

EIGHTH CLAIM FOR RELIEF
(ALIEN TORT STATUTE -

36

<u>ARBITRARY ARREST AND PROLONGED ARBITRARY DETENTION)</u>

141.  Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

142.  The acts described herein constitute arbitrary arrest and detention of Petitioners in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international law prohibiting arbitrary detention as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

143.  Respondents are liable for said conduct in that they directed, ordered, confirmed, ratified, and/or conspired together and with others to bring about the arbitrary arrest and prolonged arbitrary detention of Petitioners in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international law prohibiting arbitrary arrest and prolonged arbitrary detention as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

144.  As a result of Respondents' unlawful conduct, Petitioners have been and are deprived of their freedom, separated from their families, and forced to suffer severe physical and mental abuse, and are therefore entitled to habeas, declaratory, and injunctive relief, and such other relief as the Court may deem appropriate.

<u>NINTH CLAIM FOR RELIEF</u>
<u>(ALIEN TORT STATUTE - ENFORCED DISAPPEARANCE)</u>

145.  Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

146.  By the actions described above, the Respondents directed, ordered, confirmed, ratified, and/or conspired to bring about the enforced disappearance of Petitioners in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international law prohibiting enforced disappearances as reflected, expressed,

and defined in multilateral treaties and other international instruments, international and

domestic judicial decisions, and other authorities.

147.   As a result of Respondents' unlawful conduct, Petitioners have been and are deprived of

their freedom, separated from their families, and forced to suffer severe physical and

mental abuse, and are therefore entitled to habeas, declaratory and injunctive relief and

such other relief as the Court may deem appropriate.

TENTH CLAIM FOR RELIEF
(ARTICLE II OF THE UNITED STATES CONSTITUTION -
UNLAWFUL DETENTION)

148.   Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

149.   Petitioner are not, nor have they ever been, enemy aliens, lawful or unlawful belligerents,

or combatants of any kind.  The Executive lacks the authority to order or direct military

officials to detain civilians who are seized far from the theater of war or occupied

territory or who were not "carrying a weapon against American troops on a foreign

battlefield." *Hamdi v. Rumsfeld*, 524 U.S. 507, 124 S. Ct. 2633, 2642 n.1 (2004).

150.   By the actions described above, President Bush has exceeded and continues to exceed the

Executive's authority under Article II of the United States Constitution by authorizing,

ordering and directing that military officials seize Petitioners and transfer them to

military detention, and by authorizing and ordering their continued military detention at

Guantánamo.  All of the Respondents acted and continue to act without lawful authority

by directing, ordering, and/or supervising the seizure and military detention of

Petitioners.

151.   The military seizure and detention of Petitioners by the Respondents is *ultra vires* and

illegal because it is in violation of Article II of the United States Constitution.  To the

extent that the Executive asserts that Petitioners' detention is authorized by the Executive

Order, that Order exceeds the Executive's authority under Article II and is *ultra vires* and void on its face and as applied to Petitioners.

152.  To the extent that Respondents assert that their authority to detain Petitioners derives from a source other than the Executive Order, including without limitation the Executive's inherent authority to conduct foreign affairs or to serve as Commander-in-Chief of the U.S. Armed Forces, whether from Article II of the Constitution or otherwise, Respondents lack that authority as a matter of fact and law.

153.  Accordingly, Petitioners are entitled to habeas, declaratory, and injunctive relief, as well as any other relief the Court may deem appropriate.

ELEVENTH CLAIM FOR RELIEF
(VIOLATION OF THE APA - ARBITRARY AND CAPRICIOUS
UNLAWFUL DETENTION)

154.  Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

155.  Army Regulation 190-8 prohibits the detention of civilians who were seized away from the field of battle or outside occupied territory or who were not engaged in combat against the United States. *See, e.g.*, Army Reg. 190-8 at 1-6(g) ("Persons who have been determined by a competent tribunal not to be entitled to prisoner of war status may not be executed, imprisoned, or otherwise penalized without further proceedings to determine what acts they have committed and what penalty should be imposed.").

156.  By arbitrarily and capriciously detaining Petitioners in military custody for nearly four years in the manner described above, Respondents have acted and continue to act *ultra vires* and unlawfully in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2).

157.  Accordingly, Petitioners are entitled to habeas, declaratory, and injunctive relief, as well as any other relief the Court may deem appropriate.

TWELFTH CLAIM FOR RELIEF
(VIOLATION OF THE APA - ARBITRARY AND CAPRICIOUS
DENIAL OF DUE PROCESS)

158.    Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

159.    By the actions described above, Respondents, acting under color of law, have arbitrarily and capriciously denied and continue to deny Petitioners the process accorded to persons seized and detained by the United States military in times of armed conflict as established by Army Regulation 190-8 in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2).

160.    Accordingly, Petitioners are entitled to habeas, declaratory, and injunctive relief, as well as any other relief the Court may deem appropriate.

THIRTEENTH CLAIM FOR RELIEF
(VIOLATION OF THE APA - TORTURE AND CRUEL, INHUMAN
OR DEGRADING TREATMENT)

161.    Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

162.    By the actions described above, the Respondents have acted and continue to act arbitrarily and capriciously by directing, ordering, confirming, ratifying, and/or conspiring to unlawfully subject Petitioners to torture and/or cruel, inhuman or degrading treatment in violation of Army Regulation 190-8 and the Administrative Procedures Act, 5 U.S.C. § 706(2).

163.    Accordingly, Petitioners are entitled to declaratory and injunctive relief, as well as any other relief the Court may deem appropriate.

FOURTEENTH CLAIM FOR RELIEF
(VIOLATION OF THE RIGHT TO COUNSEL AND TO ACCESS TO THE COURTS)

164.    Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

165.    Respondents, purportedly acting from a concern for national security, consistently have contrived to intrude upon Petitioners' right to consult with counsel by conditioning

counsel's access to Petitioners on unreasonable terms, including classification/declassification procedures, all in violation of Petitioners' attorney-client privilege, their work product privilege, and the Fifth and Sixth Amendments to the U.S. Constitution.

166.    Accordingly, Petitioners are entitled to habeas, declaratory, and injunctive relief, as well as any other relief the Court may deem appropriate.

### FIFTEENTH CLAIM FOR RELIEF
### (DUE PROCESS CLAUSE - RENDITION)

167.    Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

168.    Upon information and belief, Petitioners are at risk of being rendered, expelled or returned without lawful procedures to a country that engages in torture. The transfer of Petitioners to a country that creates a foreseeable and direct risk that they will be subjected to torture constitutes a violation of Petitioners' rights under the Due Process Clause of the Fifth Amendment to the United States Constitution.

169.    Accordingly, Petitioners are entitled to declaratory and injunctive relief, as well as any other relief the Court may deem appropriate.

### SIXTEENTH CLAIM FOR RELIEF
### (CONVENTION AGAINST TORTURE AND
### CONVENTION RELATING TO THE STATUS OF REFUGEES - RENDITION)

170.    Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

171.    Upon information and belief, Petitioners are at risk of being rendered, expelled or returned without lawful procedures to a country that engages in torture. The transfer of the Petitioners to a country that creates a foreseeable and direct risk that they will be subjected to torture constitutes a direct violation of Petitioners' rights under the Covenant

Against Torture and the 1954 Convention Relating to the Status of Refugees, 19 U.S.T. 6259, 189 U.N.T.S. 150 *entered into force* Apr. 22, 1954.

172. Accordingly, Petitioners are entitled to declaratory and injunctive relief, as well as any other relief the Court may deem appropriate.

SEVENTEENTH CLAIM FOR RELIEF
(ALIEN TORT STATUTE- RENDITION)

173. Petitioners incorporate by reference all preceding paragraphs as if set forth fully herein.

174. Upon information and belief, Petitioners are at risk of being rendered, expelled or returned without lawful procedures to a country that engages in torture. The transfer of Petitioners to a country that creates a foreseeable and direct risk that they will be subjected to torture constitutes a violation of Petitioners' rights under customary international law, which may be vindicated under the Alien Tort Statute.

175. Accordingly, Petitioners are entitled to declaratory and injunctive relief, as well as any other relief the Court may deem appropriate.

**V.**

**STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11(b)(3)**

176. Under the unique and extraordinary circumstances of this case, all of the factual allegations stated above that are made upon information and belief are made pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure on the basis that the allegations "are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

**VI.**
**PRAYER FOR RELIEF**

WHEREFORE, Petitioners pray for relief as follows:

1. Grant the Writ of Habeas Corpus and order Respondents to release Petitioners from their current unlawful detention;

2.    Order that Petitioners be brought before the Court or before a Magistrate Judge assigned by the Court at a convenient facility to conduct proceedings under the supervision of the Court to vindicate their rights;

3.    Order that Petitioners cannot be transferred to any other country without the specific, written agreement of Petitioners and Petitioners' counsel while this action is pending;

4.    Order that Petitioners cannot be delivered, returned, or rendered to a country where there is a foreseeable and imminent risk that Petitioners will be subject to torture;

5.    Order Respondents to allow counsel to meet and confer with Petitioners in private and unmonitored attorney-client conversations;

6.    Order Respondents to cease all interrogations of Petitioners, direct or indirect, while this litigation is pending;

7.    Order Respondents to cease all acts of torture and cruel, inhuman and degrading treatment of Petitioners;

8.    Order and declare the Executive Order of November 13, 2001 is *ultra vires* and unlawful in violation of Article II of the United States Constitution, the Fifth Amendment to the U.S. Constitution, the Uniform Code of Military Justice, the Administrative Procedures Act, 5 U.S.C. § 702, the treaties of the United States and customary international law;

9.    Order and declare that the prolonged, indefinite, and restrictive detention of Petitioners without due process is arbitrary and unlawful and a deprivation of liberty without due process in violation of common law principles of due process, the Due Process Clause of the Fifth Amendment to the United States Constitution, the regulations of the United States military, the treaties of the United States, and customary international humanitarian law; and

10.   Grant such other relief as the Court may deem necessary and appropriate to protect

Petitioner's rights under the common law, the United States Constitution, federal statutory law and international law.

Dated: December 11, 2005                    Respectfully submitted,

                                            Counsel for Petitioners:

                                            *Barbara J. Olshansky*

                                            Barbara J. Olshansky (NY0057)
                                            Director Counsel
                                            CENTER FOR CONSTITUTIONAL RIGHTS
                                            666 Broadway, 7th Floor
                                            New York, New York 10012
                                            Tel: (212) 614-6439
                                            Fax: (212) 614-6499

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Abd Al Rahman Abdullah Al Halmandy,
    ISN # 118
    Detainee,                )
    Guantanamo Bay Naval Station   )
    Guantanamo Bay, Cuba;       )
                                 )
                                 )

Abdulrahman,
    Detainee,                )
    Guantanamo Bay Naval Station   )
    Guantanamo Bay, Cuba;       )
                                 )
                                 )

Inshanullah,
    Detainee,                )
    Guantanamo Bay Naval Station   )    **DECLARATION OF**
    Guantanamo Bay, Cuba;       )    **BARBARA OLSHANSKY**
                                 )

Khalid Deshire,
    Detainee,                )
    Guantanamo Bay Naval Station   )
    Guantanamo Bay, Cuba;       )
                                 )
                                 )

Mohammed Kameen,
    Detainee,                )
    Guantanamo Bay Naval Station   )
    Guantanamo Bay, Cuba;       )
                                 )
                                 )

Saki Bacha,
    Detainee,                )
    Guantanamo Bay Naval Station   )
    Guantanamo Bay, Cuba;       )
                                 )
                                 )

Shamsullah,
    Detainee,                )
    Guantanamo Bay Naval Station   )
    Guantanamo Bay, Cuba;       )
                                 )

          )

**Abou Yassir Jezairi,**
    Detainee,          )
    Guantanamo Bay Naval Station    )
    Guantanamo Bay, Cuba;      )
          )
          )

**Abdal Rauf Zalitini,**
    Detainee,          )
    Guantanamo Bay Naval Station    )
    Guantanamo Bay, Cuba;      )
          )
          )

**Abdaul Razak Ali-Haj,**
    Detainee,          )
    Guantanamo Bay Naval Station    )
    Guantanamo Bay, Cuba;      )
          )
          )

**Adnan,**
    Detainee,          )
    Guantanamo Bay Naval Station    )
    Guantanamo Bay, Cuba;      )
          )
          )

**Ahamed,**
    Detainee,          )
    Guantanamo Bay Naval Station    )
    Guantanamo Bay, Cuba;      )
          )
          )

**Salah Deen Ibn Shaikh,**
    Detainee,          )
    Guantanamo Bay Naval Station    )
    Guantanamo Bay, Cuba;      )
          )
          )

**Salih,**
    Detainee,          )
    Guantanamo Bay Naval Station    )
    Guantanamo Bay, Cuba;      )
          )
          )

**Saleh Libi,**
    Detainee,          )

Guantanamo Bay Naval Station )
Guantanamo Bay, Cuba; )
                       )
                       )

**Muhammed Saad Iqbal Madni,**
      Detainee, )
      Guantanamo Bay Naval Station )
      Guantanamo Bay, Cuba; )
                       )
                       )

**Said Madany,**
      Detainee, )
      Guantanamo Bay Naval Station )
      Guantanamo Bay, Cuba; )
                       )
                       )

**Abdullah Jaffa,**
      Detainee, )
      Guantanamo Bay Naval Station )
      Guantanamo Bay, Cuba; )
                       )
                       )

**Abu Hadifa,**
      Detainee, )
      Guantanamo Bay Naval Station )
      Guantanamo Bay, Cuba; )
                       )
                       )

**Mohammed Abdullah,**
      Detainee, )
      Guantanamo Bay Naval Station )
      Guantanamo Bay, Cuba; )
                       )
                       )

**Sanjawez Raweel Kameel Weej,**
      ISN # 702
      Detainee, )
      Guantanamo Bay Naval Station )
      Guantanamo Bay, Cuba; )
                       )
                       )

**Abul Aziz Al Matrafi,**
      Detainee, )
      Guantanamo Bay Naval Station )
      Guantanamo Bay, Cuba; )
                       )

)

**Majed Baryan,**
    **Detainee,**                                          )
    **Guantanamo Bay Naval Station**          )
    **Guantanamo Bay, Cuba;**                    )
                                                                    )
                                                                    )

**Mohamed Fahad Saad Al Zu'bi,**
    **Detainee,**                                          )
    **Guantanamo Bay Naval Station**          )
    **Guantanamo Bay, Cuba;**                    )
                                                                    )
                                                                    )

**Moussa,**
    **Detainee,**                                          )
    **Guantanamo Bay Naval Station**          )
    **Guantanamo Bay, Cuba;**                    )
                                                                    )
                                                                    )

**Saud Al Jouhany,**
    **Detainee,**                                          )
    **Guantanamo Bay Naval Station**          )
    **Guantanamo Bay, Cuba;**                    )
                                                                    )
                                                                    )

**Sultan Al Shareef,**
    **Detainee,**                                          )
    **Guantanamo Bay Naval Station**          )
    **Guantanamo Bay, Cuba;**                    )
                                                                    )
                                                                    )

**Abdu Tawab,**
    **Detainee,**                                          )
    **Guantanamo Bay Naval Station**          )
    **Guantanamo Bay, Cuba;**                    )
                                                                    )
                                                                    )

**Abdul Aziz,**
    **Detainee,**                                          )
    **Guantanamo Bay Naval Station**          )
    **Guantanamo Bay, Cuba;**                    )
                                                                    )
                                                                    )

**Abu Rawdah,**
    **Detainee,**                                          )
    **Guantanamo Bay Naval Station**          )

4

Guantanamo Bay, Cuba;                          )
                                               )
                                               )

**Abdul Al Hamman,**
     **Detainee,**                                )
     **Guantanamo Bay Naval Station**            )
     **Guantanamo Bay, Cuba;**                   )
                                               )
                                               )

**Abdul Latif,**
     **Detainee,**                                )
     **Guantanamo Bay Naval Station**            )
     **Guantanamo Bay, Cuba;**                   )
                                               )
                                               )

**Abdulla Haji,**
     **Detainee,**                                )
     **Guantanamo Bay Naval Station**            )
     **Guantanamo Bay, Cuba;**                   )
                                               )
                                               )

**Abdulla,**
     **Detainee,**                                )
     **Guantanamo Bay Naval Station**            )
     **Guantanamo Bay, Cuba;**                   )
                                               )
                                               )

**Adel,**
     **Detainee,**                                )
     **Guantanamo Bay Naval Station**            )
     **Guantanamo Bay, Cuba;**                   )
                                               )
                                               )

**Bital Adel Halami,**
     **Detainee,**                                )
     **Guantanamo Bay Naval Station**            )
     **Guantanamo Bay, Cuba;**                   )
                                               )
                                               )

**Hisham,**
     **Detainee,**                                )
     **Guantanamo Bay Naval Station**            )
     **Guantanamo Bay, Cuba;**                   )
                                               )
                                               )

**Rafiove bin Bashir,**

5

Detainee,       )
Guantanamo Bay Naval Station  )
Guantanamo Bay, Cuba;    )
             )
             )

**Riad Nargeri,**
Detainee,       )
Guantanamo Bay Naval Station  )
Guantanamo Bay, Cuba;    )
             )
             )

**Ridah,**
Detainee,       )
Guantanamo Bay Naval Station  )
Guantanamo Bay, Cuba;    )
             )
             )

**Saif,**
Detainee,       )
Guantanamo Bay Naval Station  )
Guantanamo Bay, Cuba;    )
             )
             )

**Masoud,**
Detainee,       )
Guantanamo Bay Naval Station  )
Guantanamo Bay, Cuba;    )
             )
             )

**Abdullah,**
Detainee,       )
Guantanamo Bay Naval Station  )
Guantanamo Bay, Cuba;    )
             )
             )

**Abdullah ali Saleh,**
Detainee,       )
Guantanamo Bay Naval Station  )
Guantanamo Bay, Cuba;    )
             )
             )

**Amar Biloushi,**
Detainee,       )
Guantanamo Bay Naval Station  )
Guantanamo Bay, Cuba;    )
             )

)

Ibrahim Nayif Abdallah Ibrahim,
     Detainee,    )
     Guantanamo Bay Naval Station  )
     Guantanamo Bay, Cuba;  )
     )
     )

Mohammed Chinguity,
     Detainee,    )
     Guantanamo Bay Naval Station  )
     Guantanamo Bay, Cuba;  )
     )
     )

Abdo Ali Al Haj,
     ISN # 1457
     Detainee,    )
     Guantanamo Bay Naval Station  )
     Guantanamo Bay, Cuba;  )
     )
     )

Abdulrahman,
     Detainee,    )
     Guantanamo Bay Naval Station  )
     Guantanamo Bay, Cuba;  )
     )
     )

Abu Baker Shammrany,
     Detainee,    )
     Guantanamo Bay Naval Station  )
     Guantanamo Bay, Cuba;  )
     )
     )

Ali Kadami,
     Detainee,    )
     Guantanamo Bay Naval Station  )
     Guantanamo Bay, Cuba;  )
     )
     )

Dr. Ayman,
     Detainee,    )
     Guantanamo Bay Naval Station  )
     Guantanamo Bay, Cuba;  )
     )
     )

Fawaz,
     Detainee,    )

7

Guantanamo Bay Naval Station )
Guantanamo Bay, Cuba; )
)
)

**Houmad Warzly,**
Detainee, )
Guantanamo Bay Naval Station )
Guantanamo Bay, Cuba; )
)
)

**Mohamed Rajab,**
Detainee, )
Guantanamo Bay Naval Station )
Guantanamo Bay, Cuba; )
)
)

**Othman Ali Muhammed Omar,**
Detainee, )
Guantanamo Bay Naval Station )
Guantanamo Bay, Cuba; )
)
)

**Sabry Mohammed,**
ISN # 570
Detainee, )
Guantanamo Bay Naval Station )
Guantanamo Bay, Cuba; )
)
)

**Saleh,**
Detainee, )
Guantanamo Bay Naval Station )
Guantanamo Bay, Cuba; )
)
)

**Waqas Mohammed Ali Awad,**
Detainee, )
Guantanamo Bay Naval Station )
Guantanamo Bay, Cuba; )
)

**Zakaria,**
Detainee, )
Guantanamo Bay Naval Station )
Guantanamo Bay, Cuba; )
)

**Khalid Mohammed,**

Detainee,                                              )
Guantanamo Bay Naval Station                           )
Guantanamo Bay, Cuba;                                  )

Muhammad Nur Uthman Muhammad,                          )
Detainee,                                              )
Guantanamo Bay Naval Station                           )
Guantanamo Bay, Cuba;                                  )

Mahdi Salih,                                           )
Detainee,                                              )
Guantanamo Bay Naval Station                           )
Guantanamo Bay, Cuba;                                  )

*Petitioners,*                                         )
                                                       )
                                                       )
v.                                                     )
                                                       )
                                                       )
GEORGE W. BUSH,                                        )
President of the United States                         )
The White House                                        )
1600 Pennsylvania Ave., N.W.                            )
Washington, D.C. 20500;                                )
                                                       )
DONALD RUMSFELD,                                       )
Secretary, United States                               )
Department of Defense                                  )
1000 Defense Pentagon                                  )
Washington, D.C. 20301-1000;                            )
                                                       )
ARMY BRIG. GEN. JAY HOOD,                              )
Commander, Joint Task Force - GTMO                     )
JTF-GTMO                                               )
APO AE 09360; and                                      )
                                                       )
ARMY COL. MIKE BUMGARNER,                              )
Commander, Joint Detention                             )
Operations Group, JTF - GTMO                           )
JTF-GTMO                                               )
APO AE 09360,                                          )
                                                       )
*Respondents.*                                         )

9

## DECLARATION BY ATTORNEY BARBARA OLSHANSKY

I, Barbara Olshansky, declare that the following statements are true to the best of my knowledge, information, and belief:

1.      I am a member in good standing of the bar of this Court and have practiced law for 18 years. I am also an attorney in good standing of the bar of the State of New York.

2.      I am an attorney and Deputy Legal Director of the Center for Constitutional Rights ("CCR"). For the last three and one-half years, CCR has worked to (1) advance the rights of the Guantánamo detainees through litigation establishing their right to file petitions for writs of *habeas corpus*; (2) work with other non-profit organizations to reach out to the family members of the Guantánamo detainees for the purpose of filing next-friend petitions for writs of *habeas corpus*; (3) recruit and train private attorneys to represent individual Guantánamo detainees on a *pro bono* basis; and (4) serve as a "clearinghouse" for all detainee requests for assistance in filing habeas petitions. I have been actively engaged in all aspects of this work. Through the course of this work, and the factual investigation inherent therein, I have gained a good faith basis for believing that the above-named Petitioners wish to file petitions challenging their detentions at Guantánamo and would have done so were they able to do so. I furthermore have a good faith basis to believe that the Petitioners are currently unable to do so as a result of the actions of the Respondents, described *infra*.

3.      CCR has engaged in extensive litigation, advocacy, and public education efforts on behalf of the individuals detained at Guantánamo, including the following:

> A.     *Request to Inter-American Commission on Human Rights for Precautionary Measures on Behalf of the Guantánamo Detainees.* In

February of 2002, CCR requested that the Inter-American Commission on Human Rights (IACHR) of the Organization of American States issue precautionary measures to protect the detainees at Guantánamo Bay. On March 12, 2002, the IACHR requested that the U.S. Government take the urgent measures necessary to have the legal status of the detainees determined by a competent tribunal. The U.S. Government has failed to comply and continues to fail to comply with the IACHR's request. *See* Decision on Request for Precautionary Measures (Detainees at Guantánamo Bay, Cuba), Inter-Am. C.H.R. (Mar. 12, 2002), *reprinted in* 41 I.L.M. 532, 533 (2002).

B.      *Habib v. Bush & Rasul v. Bush.* In February and May of 2002 CCR filed *habeas corpus* petitions challenging the U.S. government's practice of holding foreign nationals captured in connection with its war against Afghanistan and al-Qaida in indefinite detention, without access to the courts or the right to know the charges against them. CCR filed the petitions on behalf of two Australian citizens, David Hicks and Mamdouh Habib, and two men from the United Kingdom, Shafiq Rasul and Asif Iqbal. The petitions challenged respondents' indefinite detention of petitioners without due process of law, in violation of the U.S. Constitution and other federal laws, the Geneva Conventions, and international humanitarian law. CCR and its co-counsel litigated the case before the District Court, the D.C. Circuit Court of Appeals, and the United States Supreme Court. On June 28, 2004, the Supreme Court held that the detainees have the right of access to U.S. courts to challenge their detention under 28 U.S.C. § 2241. *Rasul v. Bush,* 124 S.Ct. 2686, 2698 (2004).

C.      CCR is currently co-counsel on virtually all of the *habeas corpus* petitions brought on behalf of more than 325 Guantánamo detainees, each pending in this Court.

4.      In response to the Supreme Court's historic decision upholding the rule of law at Guantánamo, CCR has spearheaded the effort to get each detainee his day in court. Since the Supreme Court decision in *Rasul v. Bush,* CCR and its partners have arranged for private law firms to represent detainees and file *habeas corpus* petitions, *pro bono,* in this Court.

5.      Many of the habeas petitions currently on file with this Court were made possible only when family members or loved ones of those detained were able to request

11

legal assistance from CCR, from other human rights organizations or from CCR's co-counsel. CCR and its partner organizations have received authorizations from family members and next friends through outreach activities, which have included, among other things, taking part in human rights conferences around the world, contacting international human rights organizations, and searching for family members of known detainees in several Middle Eastern countries. In addition, advocates working with CCR have made numerous outreach efforts to member countries of the European Parliament seeking their assistance in locating their citizens. Despite these efforts, CCR and its partners have not been able to identify relatives for the vast majority of Guantánamo detainees.

      6.     In addition to the efforts as described above, CCR has also tried to work with the United States government to ensure that every detainee at Guantánamo is able to take advantage of his right to file a *habeas corpus* petition as affirmed by the U.S. Supreme Court in *Rasul v. Bush*.

      7.     Despite a number of good faith efforts to negotiate with Respondents, however, CCR has been denied any opportunity to communicate with the detainees at Guantánamo either to advise them of their rights and/or to assist them in retaining counsel.

      8.     The government has also failed to adequately inform the unrepresented detainees of their rights. Between July 12 and 14, 2004, each detainee apparently was given a notice stating:

> . . . United States courts have jurisdiction to consider petitions brought by enemy combatants held at this facility that challenge the legality of their detention. **You will be notified in the near future what procedures are available should you seek to challenge your detention in U.S. courts.** (emphasis added)

12

9.     Notwithstanding this promise by the Government, for more than five months, the Government did nothing to adequately explain the "procedures ... available should [the detainees] seek to challenge [their] detention in U.S. courts."

10.     In mid-December 2004, the Department of Defense posted on its website a second notification (the "December Notification") which addresses the possibility of the detainees' seeking *habeas* relief.  But the December Notification, like the July Notification, did not provide detainees with practical information that would in any way enable them to secure counsel to file a petition in court.  In fact, the December Notification merely informs detainees that they can file their *own habeas* corpus petitions.

11.     Beginning with the first counsel visits to Guantanamo in November, 2004, *habeas* counsel returning from Guantanamo informed me that there were many other detainees seeking CCR's assistance with filing legal challenges to their detention. Habeas counsel learned the identities of these prisoners from their existing clients.

12.     In many cases, the existing clients were willing and able to serve as next friends for their fellow detainees.  In some instances, habeas counsel were able to secure written next friend authorizations from their clients in order to file habeas petitions on behalf of their clients' fellow detainees.

13.     However, in the case of the Petitioners named in this case, habeas counsel were unable to obtain such written authorizations -- through no fault of counsel or Petitioners -- but rather as a result of the logistical obstacles put in place by Respondents.

14.     For example, prisoners in Camp V are held in solitary confinement, and more importantly, are not even permitted access to pen and paper.  Thus, a prisoner held

in Camp V who desires counsel may not be able to do anything more than communicate

that desire to a fellow detainee, if and when he is permitted such contact.

    15.    Having conducted as complete a factual inquiry as the circumstances have

permitted to date, it is my good faith belief that, although they have been unable to

provide *written* authorization, the following Petitioners in fact desire that the legal

remedies available to them be pursued:

| Petitioner | Nationality |
|---|---|
| Abd Al Rahman Abdullah Al Halmandy (ISN 118) | Afghanistan |
| Abdulrahman | Afghanistan |
| Inshanullah | Afghanistan |
| Khalid Deshire | Afghanistan |
| Mohammed Kameen | Afghanistan |
| Saki Bacha | Afghanistan |
| Shamsullah | Afghanistan |
| Abou Yassir Jezairi | Algeria |
| Abdal Rauf Zalitini | Libya |
| Abdaul Razak Ali-Haj | Libya |
| Adnan | Libya |
| Ahamed | Libya |
| Salah Deen Ibn Shaikh | Libya |
| Salih | Libya |
| Saleh Libi | Mauritania |
| Muhammed Saad Iqbal Madni | Pakistan |
| Said Madany | Pakistan |
| Abdullah Jaffa | Palestine |
| Abu Hadifa | Palestine |
| Mohammed Abdullah | Palestine |
| Sanjawez Raweel Kameel Weej  (ISN 702) | Russia |
| Abul Aziz Al Matrafi | Saudi Arabia |
| Majed Baryan | Saudi Arabia |
| Mohamed Fahad Saad Al Zu'bi | Saudi Arabia |
| Moussa | Saudi Arabia |
| Saud Al Jouhany | Saudi Arabia |
| Sultan Al Shareef | Saudi Arabia |
| Abdu Tawab | Somalia |
| Abdul Aziz | Somalia |
| Muhammad Nur Uthman Muhammad | Sudan |
| Mahdi Salih | Sudan |

| | |
|---|---|
| Abu Rawdah | Syria |
| Abdul Al Hamman | Tunisia |
| Abdul Latif | Tunisia |
| Abdulla Haji | Tunisia |
| Abdulla | Tunisia |
| Adel | Tunisia |
| Bital Adel Halami | Tunisia |
| Hisham | Tunisia |
| Rafiove bin Bashir | Tunisia |
| Riad Nargeri | Tunisia |
| Ridah | Tunisia |
| Saif | Tunisia |
| Masoud | Turkey |
| Abdullah | Turkistan |
| Abdullah ali Saleh | unknown |
| Amar Biloushi | unknown |
| Ibrahim Nayif Abdallah Ibrahim | unknown |
| Mohammed Chinguity (ISN 1457) | unknown |
| Khalid Mohammed | unknown |
| Abdo Ali Al Haj | Yemen |
| Abdulrahman | Yemen |
| Abu Baker Shammrany | Yemen |
| Ali Kadami | Yemen |
| Dr. Ayman | Yemen |
| Fawaz | Yemen |
| Houmad Warzly | Yemen |
| Mohamed Rajab | Yemen |
| Othman Ali Muhammed Omar | Yemen |
| Sabry Mohammed (ISN 570) | Yemen |
| Saleh | Yemen |
| Waqas Mohammed Ali Awad | Yemen |
| Zakaria | Yemen |

Should additional facts regarding these Petitioners become known, I will provide the Court with supplemental declarations.

I declare, under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 12th day of December, 2005, New York, New York.

_Barbara J. Olshansky_
Barbara Olshansky (NY0057)

## <u>CERTIFICATION OF REPRESENTATION WITHOUT COMPENSATION</u>

Counsel for Petitioner hereby certify, pursuant to L. Cv. R. 83.2(g), that they are representing Petitioner without compensation.

Dated:  12/11, 2005        _Barbara J. Olshansky_

**[counsel information]**