IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ABD AL RAHMAN ABDULLAH AL HALMANDY, *et al.*,

          Petitioners,

          v.

GEORGE W. BUSH, *et al.*,

          Respondents.

No. 1:05-cv-02385 (RMU) (AK)

---

## MOTION OF PETITIONERS FOR EXTENSION OF TIME

Petitioners, by and through their undersigned counsel, respectfully submit this motion for an extension of time to file their opposition to Respondents' motion to examine privileged communications seized without notice or approval, filed on July 7, 2006. Petitioners request an extension of time until August 7, 2006 to file their response.

### Introduction

On July 7, 2006, Respondents filed a motion relating to their seizure of petitioners' legal materials and sought the creation of a government "filter team" to review those materials. That motion was filed in nearly every Guantánamo detainee case, except those cases involving non-enemy combatant detainees. Pursuant to Local Rule 7(b) and Rule 6(e) of the Federal Rules of Civil Procedure, petitioners' response to the motion is due on July 21, 2006.

**Argument**

CCR now files this motion on behalf of all petitioners in this case. This is the first request for an extension of time by these petitioners. An extension of time is appropriate here for three reasons.

First, additional time is required to investigate and respond adequately to the issues raised by Respondents' motion. Given the breadth of Respondents' motion – filed as to all petitioners in this case, without any individualized showing as to why a particular detainee's legal materials were seized and reviewed in violation of his attorney-client privilege – CCR must review the circumstances of each detainee to determine (1) the extent of Respondents' violation of the attorney-client privilege, and (2) whether there is any colorable basis for Respondents' claim that a detainee may have been involved in a "plot" to take his own life or assist other detainees in taking their lives. Additional time is also required for petitioners to file any cross-motions, including possible motions for sanctions, directed to Respondents' indisputable violation of the attorney-client privilege.

Second, on July 14, 2006, Chief Judge Hogan referred this case to Magistrate Judge Kay for purposes of mediating a resolution of the issues raised in Respondents' motion. Chief Judge Hogan also directed Magistrate Judge Kay to report back to him on the status of the mediation by July 24, 2006. A mediation session was held with Magistrate Judge Kay on July 19, 2006, in Washington, D.C. While the pending mediation does not stay petitioners' time to file their opposition to Respondents' motion, the parties may, through mediation, be able to eliminate or narrow certain of the many disputed issues raised by Respondents' motion. In such event, the need for briefing before this Court could be obviated or limited.

Third, Respondents cannot show that they would be prejudiced by an order granting this motion for extension of time. Respondents have stated that they would like to resolve this matter quickly – a concern shared by counsel for the Guantánamo detainees – and have indicated previously that they would oppose requests for extensions of time into August. However, all of the detainees' legal materials are currently in the possession, custody and control of Respondents, so there is no risk that any purported evidence would be destroyed or lost. Moreover, we note that Respondents waited approximately one month after the deaths of three Guantánamo detainees (on June 10, 2006), which allegedly precipitated their seizure of nearly all detainees' legal materials (on or about June 14, 2006), before filing their motion or otherwise notifying counsel and the Court of their unlawful actions. Under these circumstances, an extension of time of slightly more than two weeks plainly would not cause Respondents any undue burden or otherwise interfere with their investigation at Guantánamo.

**Conclusion**

For these reasons, the petitioners identified above respectfully request that the Court grant this motion and permit them to file their opposition by August 7, 2006.[1]

Dated:   New York, New York
         July 20, 2006

>                            Respectfully submitted,
>
>                            Counsel for Petitioners:
>
>                            /s/ Gitanjali S. Gutierrez
>                            Barbara Olshansky (NY-0057)
>                            Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
>                            CENTER FOR CONSTITUTIONAL RIGHTS
>                            666 Broadway, 7th Floor
>                            New York, New York 10012
>                            Tel:  (212) 614-6439
>                            Fax:  (212) 614-6499

---

[1] Alternatively, if the Court denies this motion for an extension of time, petitioners respectfully move to adopt and incorporate herein by reference as their opposition to Respondents' motion the memorandum of law filed by the petitioners in *Abdah v. Bush*, No. 04 CV 1254 (HHK) (AK) (D.D.C.) (July 18, 2006) (dkt. no. 177).