IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
─────────────────────────────────── x
                                    :
ABD AL RAHMAN ABDULLAH              :
AL HALMANDY et al.,                 :
                                    :
                 Petitioners,       :
                                    :  Civil Action No. 05-2385 (RMU)
         v.                         :
                                    :
GEORGE W. BUSH, et al.,             :
                                    :
                 Respondents.       :
─────────────────────────────────── x
```

**MOTION FOR RECONSIDERATION OF
SEPTEMBER 20, 2007 ORDER DISMISSING CASE**

Petitioners respectfully ask the Court to reconsider and vacate its order, dated September 20, 2007, dismissing their case for lack of jurisdiction based on the D.C. Circuit's decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir.), *cert. granted*, 127 S. Ct. 3078 (2007). The motion should be granted for several reasons.

1.    The D.C. Circuit has made clear that this Court should *not* dismiss Guantánamo habeas cases pending the Supreme Court's disposition of *Boumediene*. Moreover, as discussed in ¶¶ 1(b) and (d) below, the pendency of appeals in most of the 16 cases that this Court dismissed deprives this Court of jurisdiction to dismiss those cases.

a.    On April 2, 2007, the Supreme Court denied certiorari in *Boumediene*. On June 29, 2007, however, the Court reversed itself and granted certiorari. The D.C. Circuit, which had issued the mandate in *Boumediene* on June 27, 2007, recalled the mandate on July 26, 2007. (Ex. A.) The effect of the recall of the mandate was to divest this Court of jurisdiction to dismiss those cases and to leave in place the protective order and counsel access rules that govern most

Guantánamo habeas cases, as well as related orders, such as orders requiring the government to provide counsel with advance notice of any intended transfer of a prisoner from Guantánamo.

      b.      Similarly, on March 22, 2007, the D.C. Circuit dismissed the appeals in *Kiyemba v. Bush*, No. 05-5487, in light of *Boumediene*. (Ex. B.) On May 10, 2007, the D.C. Circuit issued the mandate in the case. On September 7, 2007, however, after the Supreme Court granted certiorari in *Boumediene*, the D.C. Circuit recalled the mandate. (Ex. C.) *Kiyemba* is among the cases that this Court has dismissed. Because the *Kiyemba* appeal is pending, this Court lacks jurisdiction to dismiss it. *See United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997).

      c.      Similarly, on April 9, 2007, the D.C. Circuit dismissed the appeals in *Paracha v. Bush*, No. 05-5194, and remanded to this Court with directions to dismiss the case, in light of *Boumediene*. (Ex. D.) On June 20, 2007, the D.C. Circuit denied the petitioner's motion to stay the mandate. (Ex. E.) On September 7, 2007, however, the D.C. Circuit stayed the mandate pending the Supreme Court's disposition of *Boumediene*. (Ex. F.)

      d.      Finally, on August 9, 2007, the D.C. Circuit deferred consideration of the government's motions in *Abdah v. Bush*, No. 05-5224, *et al.*, to dismiss most of the 16 cases that this Court dismissed pending the Supreme Court's disposition of *Boumediene*; the D.C. Circuit directed that the cases be "held in abeyance pending further order of the court." (Ex. G.) In its order, the D.C. Circuit also deferred consideration of the government's motion to vacate orders entered by this Court requiring the government to provide counsel with advance notice of any intended transfer of petitioners from Guantánamo. *See id.* Because the appeals in those cases are pending, this Court lacks jurisdiction to dismiss them.

      2.      This Court unquestionably has the power to grant the relief that Petitioners seek here. At least ten other judges of this Court have denied or deferred government motions to dismiss, and related motions, pending the Supreme Court's disposition of *Boumediene*. *See, e.g.*,

*Taher v. Bush,* No. 06-cv-1684 (GK) (D.D.C. Sept. 13, 2007) (Doc. 26) (Ex. H); *Razakah v. Bush*, No. 05-cv-2370 (EGS) (D.D.C. Aug. 17, 2007) (minute order); *Al Darby v. Bush*, No. 05-cv-2371 (RCL) (D.D.C. Aug. 8, 2007) (Doc. 49) (Ex. I); *Al Mohammed v. Bush*, No. 05-cv-247 (HHK) (D.D.C. Aug. 7, 2007) (Doc. 66) (Ex. J); *Faraj v. Bush*, No. 05-cv-1490 (PLF) (D.D.C. July 27, 2007) (Doc. 66) (Ex. K); *Maqaleh v. Gates*, No. 06-cv-1669 (JDB) (D.D.C. July 18, 2007) (Doc. 13) (Ex. L) (Bagram prisoner); *Ameziane v. Bush*, No. 05-cv-0392 (ESH) (D.D.C. July 5, 2007) (minute order); *Zadran v. Bush*, No. 05-cv-2367 (RWR) (D.D.C. July 2, 2007) (minute order).  Judge Collyer dismissed the habeas cases assigned to her but reinstated them on reconsideration, *e.g.*, *Al Shimrani v. Bush*, No. 05-cv-2249 (RMC) (D.D.C. Aug. 22, 2007) (Doc. 59) (Ex. M); and Judge Walton has closed his cases administratively but has not dismissed them, *see Mohammon, et al. v. Bush, et al.*, No. 05-cv-2386 (RBW) (D.D.C. Jan. 31, 2007) (Doc. 324) (Ex. N).  Judge Robertson dismissed his cases before the Supreme Court granted certiorari in *Boumediene* and the D.C. Circuit recalled its mandate; he is currently considering motions to reconsider.

   3. In *Kiyemba*, this Court rejected the government's claim that it could not enforce the habeas protective order because the Detainee Treatment Act of 2005 had divested the Court of jurisdiction over Guantánamo habeas cases.  The Court stated:

> The issue of this court's jurisdiction to entertain habeas petitions filed by Guantanamo detainees "is a disputed issue that was litigated and is currently under consideration by the United States Court of Appeals for the District of Columbia Circuit." *Adem v. Bush*, 2006 WL 1193853, at *7 (D.D.C. Apr. 28, 2006).  As other judges on this court have ruled, "enforcing the terms of the protective order in this case does not pose the danger of exceeding the court's jurisdiction, even if it is ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." *Id.* at *7-8.

*Kiyemba v. Bush*, No. 05-cv-1509 (RMU), 2006 WL 2255736, at *2 (D.D.C. Aug. 7, 2006).  It has not been "ultimately determined that this court does not have jurisdiction to determine the

merits of a petition for habeas corpus relief." As the Court noted in *Kiyemba*, the government itself has conceded that the Court's jurisdiction over these cases will remain undecided until the Supreme Court decides it. *Id.* at *2 n.4.

## **Conclusion**

For these reasons, the Court should reconsider and vacate its order of September 20, 2007, dismissing this case.

Dated: New York, New York
       October 2, 2007

                        Respectfully submitted,

                        Counsel for Petitioner:

                        /s/ Shayana Kadidal
                        Shayana Kadidal (D.D.C. Bar No. 454248)
                        CENTER FOR CONSTITUTIONAL RIGHTS
                        666 Broadway, 7th Floor
                        New York, New York 10012
                        Tel: (212) 614-6438
                        Fax: (212) 614-6499