# EXHIBIT A

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 05-5062**                                    **September Term, 2006**

04cv01142
04cv01166

Filed On: July 26, 2007 [1056472]

Lakhdar Boumediene, Detainee, Camp Delta, et al.,
     Appellants

    v.

George W. Bush, President of the United States, et al.,
     Appellees

---

Consolidated with 05-5063

---

**BEFORE:**    Sentelle,* Rogers, and Griffith, Circuit Judges

## O R D E R

Upon consideration of appellants' motion to recall the mandate and the opposition thereto, it is

**ORDERED** that the motion be granted and the mandate be recalled. The Clerk of the United States District Court for the District of Columbia is directed to return forthwith to the United States Court of Appeals for the District of Columbia Circuit the mandate issued June 27, 2007.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

    Nancy G. Dunn
    Deputy Clerk

*Circuit Judge Sentelle would deny the motion.

# EXHIBIT B

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 05-5487**                                    **September Term, 2006**

JAMAL KIYEMBA, NEXT FRIEND, ET AL.,

                                    APPELLEES/CROSS-APPELLANTS

v.

GEORGE W. BUSH, PRESIDENT OF THE UNITED STATES, ET AL.,

                                    APPELLANTS/CROSS-APPELLEES

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED     MAR 2 2 2007

CLERK

---

Consolidated with 05-5488, et al.

---

Appeals from the United States District Court
for the District of Columbia
(No. 05cv01509)
(No. 05cv01602)
(No. 05cv00833)
(No. 05cv00270)
(No. 05cv02053)

---

Before: GINSBURG, *Chief Judge*, and GRIFFITH and KAVANAUGH, *Circuit Judges*.

## JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties and oral arguments of counsel. Twelve detainees at Guantanamo Bay, Cuba were involved in these cases. Three were non-enemy combatants (Zakirjan, Alladeen, and Saddiq Turkestani). The three non-enemy combatants have been transferred to other countries and released from U.S. custody. The other nine have been determined by the United States to be enemy combatants and remain at Guantanamo Bay (Abdusabur Doe, Abdusamad Doe, Abdunasir Doe, Hammad Doe, Hudhaifa Doe, Jalaal Doe, Khalid Doe, Saabir Doe, and Mamet). It is

**ORDERED** that the motion to dismiss the appeals as to the three non-enemy combatants be granted. Case Nos. 05-5491, 06-5042, and 06-5234 are hereby dismissed as moot in light of

the release of Alladeen and Zakirjan. Case No. 05-5487 is hereby dismissed as moot with respect only to appellee Saddiq Turkestani, who has also been released from custody. The Government's suggestion that the court direct the district court to dismiss as moot all other claims before it is declined. The district court may consider, either *sua sponte* or on motion, whether the remaining claims before it are moot. It is

**FURTHER ORDERED AND ADJUDGED** that the remaining cases involving the nine enemy combatants be dismissed for lack of subject matter jurisdiction.

After we heard oral argument in this case, the Congress passed the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 (2006) (MCA), which the President signed into law on October 17, 2006. Section 7(a) of the MCA amended 28 U.S.C. § 2241(e) to read:

(1) No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

(2) Except as provided in paragraphs (2) and (3) of section 1005(e) of the Detainee Treatment Act of 2005 ... no court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

28 U.S.C. § 2241(e). The nine remaining Appellees/Cross-Appellants have been determined by the United States to be enemy combatants and are being held at the Guantanamo Bay Naval Base in Cuba. In *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), we held the MCA applies to the habeas petitions of enemy combatants being held at Guantanamo. *Id.* at 987-88. We further held the MCA is not an unconstitutional suspension of the writ of habeas corpus. *Id.* at 988-94. We therefore concluded that "[f]ederal courts have no jurisdiction in these cases." *Id.* at 994. Pursuant to that decision and 28 U.S.C. § 2241(e)(1)-(2), we do not have jurisdiction over the remaining cases.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. R. 41.

                                    FOR THE COURT:
                                    Mark J. Langer, Clerk

            BY: 

                                · Deputy Clerk

# EXHIBIT C

# United States Court of Appeals
### For The District of Columbia Circuit

**No. 05-5487**

**September Term, 2007**
05cv00270, 05cv00833
05cv01509, 05cv01602
05cv02053

Jamal Kiyemba, Next Friend, et al.,
      Appellees

    v.

George W. Bush, President of the United States, et al.,
      Appellants

Filed On:

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    SEP   7 2007

CLERK

---

Consolidated with 05-5488, 05-5489, 05-5490, 05-5491, 05-5492, 06-5042, 06-5234,

**BEFORE:**   Ginsburg, Chief Judge, and Griffith and Kavanaugh,* Circuit Judges

## O R D E R

Upon consideration of the motion to recall the mandate and the opposition thereto, it is

**ORDERED** that the motion be granted and the mandate be recalled. The Clerk of the United States District Court for the District of Columbia is directed to return forthwith to the United States Court of Appeals for the District of Columbia Circuit the mandate issued May 10, 2007.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:     _/s/_

Nancy G. Dunn
Deputy Clerk

* Circuit Judge Kavanaugh would deny the motion. _Cf. Belbacha v. Bush,_ No. 07A98 (U.S. Aug. 10, 2007) (Supreme Court order declining to prevent Government from transferring detainee from Guantanamo Bay to Algeria, notwithstanding grant of certiorari in _Boumediene_).

# EXHIBIT D

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 05-5194                September Term, 2006

04cv02022

Filed On:

Saifullah Paracha, Detainee, Guantanamo Bay Naval
Station and Farhat Paracha, Next Friend,
            Appellants

       v.

George W. Bush, Jr., et al.,
            Appellees

Consolidated with 05-5211, 05-5333

```
UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    APR X 9 2007

        CLERK
```

06-1038

Saifullah Paracha,
            Petitioner

       v.

Robert M. Gates, Secretary of Defense,
            Respondent

06-1117

Saifullah Paracha,
            Petitioner

       v.

Robert M. Gates, Secretary of Defense,
            Respondent

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 05-5194                                    September Term, 2006

BEFORE:    Ginsburg, Chief Judge, Randolph, Circuit Judge, and Edwards,
Senior Circuit Judge

### O R D E R

Upon consideration of the motion of respondents-appellees to govern future proceedings and to dismiss Nos. 05-5194, 05-5211, and 05-5333, to proceed with petition for review No. 06-1038, and to dismiss No. 06-1117; and the motion of petitioner-appellant to consider and grant his dispositive motion, it is

**ORDERED** that the motion of petitioner-appellant to consider and grant his dispositive motion in all of his cases be denied without prejudice to any claims raised by petitioner in No. 06-1038. It is

**FURTHER ORDERED** that Nos. 05-5194 and 05-5333 be remanded to the district court with instructions to dismiss the petitions for writ of habeas corpus for lack of jurisdiction. See Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007), cert. denied, ____ S.Ct. ___, 2007 WL 957363 (April 2, 2007) (No. 06-1195, 06-1196). It is

**FURTHER ORDERED** that No. 05-5211 be dismissed as moot without prejudice to any claims raised by petitioner in No. 06-1038. It is

**FURTHER ORDERED** that petitioner's motions relating to conditions of his confinement be dismissed. The court lacks jurisdiction to consider these claims. See 28 U.S.C. § 2241(e); Section 7(a) of the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 (2006). It is

**FURTHER ORDERED** that No. 06-1117 be dismissed. The court lacks jurisdiction to review Administrative Review Board determinations. See Sections 1005(e)(2)(A), (e)(3)(A) of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 (2005). It is

**FURTHER ORDERED** that the following briefing schedule apply in No. 06-1038:

| | |
|---|---|
| Brief for Petitioner | July 16, 2007 |
| Appendix | July 16, 2007 |
| Brief for Respondent | August 15, 2007 |
| Reply Brief for Petitioner | August 31, 2007 |

Page 2

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 05-5194**                                    **September Term, 2006**

The parties are directed to take into account the court's disposition of No. 06-1197, <u>Bismullah v. Gates</u>, and No. 06-1397, <u>Parhat v. Gates</u> (scheduled for argument on May 15, 2007), in addressing issues related to discovery and this court's scope of review. The court will not entertain any motions for extension of time to file briefs but may permit supplemental briefing if No. 06-1197 and No. 06-1397 are decided after completion of briefing in No. 06-1038. The briefs and appendix are to be filed and served by hand by 4:00 p.m. on the date each is due. It is

**FURTHER ORDERED** that No. 06-1038 be scheduled for oral argument on September 17, 2007, at 9:30 a.m. before Chief Judge Ginsburg, Circuit Judge Randolph, and Senior Circuit Judge Edwards. The time and date of oral argument will not change absent further order of the court. The parties will be notified by separate order of the allocation of time for oral argument.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate in Nos. 05-5194, 05-5333, and 06-1117 until seven days after disposition of any timely petition for rehearing or rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

FOR THE COURT:
Mark J. Langer, Clerk

BY:    *Chiri Carter*

Deputy Clerk

Page 3

# EXHIBIT E

# United States Court of Appeals

#### FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

**No. 05-5194**                    **September Term, 2006**

04cv02022

**Filed On: June 20, 2007** [1048438]

Saifullah Paracha, Detainee, Guantanamo Bay Naval
Station and Farhat Paracha, Next Friend,
      Appellants

     v.

George W. Bush, Jr., et al.,
      Appellees

——————————————————————

Consolidated with 05-5333

**BEFORE:**    Ginsburg, Chief Judge, Randolph, Circuit Judge, and Edwards,
             Senior Circuit Judge

### O R D E R

    Upon consideration of appellants' motion to stay the mandate, the opposition thereto, and the reply, it is

    **ORDERED** that the motion be denied.

#### Per Curiam

                         **FOR THE COURT:**
                         Mark J. Langer, Clerk

          BY:

                         Michael C. McGrail
                         Deputy Clerk

# EXHIBIT F

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 05-5194**                    **September Term, 2007**

**04cv02022**

**Filed On: September 7, 2007**

[1065327]
Saifullah Paracha, Detainee, Guantanamo Bay Naval
Station and Farhat Paracha, Next Friend,
      Appellants

     v.

George W. Bush, Jr., et al.,
      Appellees

————————————————————————

Consolidated with 05-5333

**BEFORE:**    Ginsburg, Chief Judge, and Randolph, Circuit Judge, and Edwards,
               Senior Circuit Judge

### O R D E R

Upon consideration of appellants' motion to recall the mandate and the
opposition thereto, and it appearing that no mandate has issued, it is

**ORDERED**, on the court's own motion, that the issuance of the mandate be
stayed pending further order of the court. It is

**FURTHER ORDERED** that the motion to recall the mandate be dismissed as
moot.

The parties are directed to file motions to govern within thirty days of the
Supreme Court's decision in <u>Boumediene v. Bush</u> and <u>Al Odah v. United States</u>, Nos.
06-1195 & 06-1196, <u>cert. granted</u> (U.S. Jun. 29, 2007).

### Per Curiam

                              **FOR THE COURT:**
                              Mark J. Langer, Clerk

BY:

                              Nancy G. Dunn
                              Deputy Clerk

# EXHIBIT G

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 05-5224**

**September Term, 2006**

01cv01001, 04cv01135, 04cv01144,
04cv01194, 04cv01254, 04cv02035,
04cv02215, 05cv00023, 05cv00247,
05cv00270, 05cv00280, 05cv00301,
05cv00329, 05cv00359, 05cv00392,
05cv00454, 05cv00490, 05cv00492,
05cv00520, 05cv00526, 05cv00551,
05cv00569, 05cv00586, 05cv00621,
05cv00634, 05cv00665, 05cv00723,
05cv00877, 05cv00881, 05cv00887,
05cv00993, 05cv00998, 05cv01048,
05cv01189, 05cv01220, 05cv01236,
05cv01246, 05cv01429, 05cv01453,
05cv01489, 05cv01491, 05cv01555,
05cv01635, 05cv01645, 05cv01649,
05cv01666, 05cv01668, 05cv01714,
05cv01806, 05cv01857, 05cv01983,
05cv02185, 05cv02186, 05cv02197,
05cv02248, 05cv02379

Filed On:

Mahmoad Abdah, Detainee, Camp Delta, et al.,
Appellees

v.

George W. Bush, Jr., President of the United States,
et al.,
Appellants



---

Consolidated with 05-5225, 05-5226, 05-5227,
05-5228, 05-5229, 05-5230, 05-5231, 05-5232,
05-5233, 05-5234, 05-5235, 05-5236, 05-5237,
05-5238, 05-5239, 05-5241, 05-5242, 05-5243,
05-5244, 05-5245, 05-5246, 05-5247, 05-5248,
05-5337, 05-5338, 05-5339, 05-5340, 05-5341,
05-5353, 05-5374, 05-5390, 05-5398, 05-5399,
05-5478, 05-5479, 05-5480, 05-5482, 05-5483,
05-5484, 05-5486, 06-5037, 06-5039, 06-5040,
06-5041, 06-5043, 06-5044, 06-5061, 06-5062,
06-5063, 06-5064, 06-5065, 06-5066, 06-5067,
06-5068, 06-5094

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 05-5224                                September Term, 2006

**BEFORE:**    Sentelle, Henderson, and Tatel, Circuit Judges

## O R D E R

Upon consideration of the motion to vacate and dismiss in Nos. 05-5224, et al., and the notice of additional authority, the oppositions thereto, and the replies; the motion to hold in abeyance and to stay dismissal or order reinstatement in Nos. 05-5224, et al., and the opposition thereto; the motion to defer ruling on the motion to dismiss in No. 05-5226 and the opposition thereto; and the Supreme Court's orders granting the petitions for writ of certiorari in <u>Boumediene v. Bush</u> and <u>Al Odah v. United States</u>, Nos. 06-1195 and 06-1196, it is

**ORDERED** that the motion to defer ruling on the motion to dismiss in No. 05-5226 be denied. It is

**FURTHER ORDERED** that the motion to dismiss the appeals be granted in part. Nos. 05-5226, -5233, -5234, -5241, -5245, -5340, -5341, -5399, -5480, -5482, -5483, and Nos. 06-5044, -5061, -5063, -5066, and -5068 are hereby dismissed as moot in light of the release of the petitioners from United States custody. No. 06-5040 is hereby dismissed as moot because petitioner is deceased. It is

**FURTHER ORDERED** that the motion to vacate the notice orders and to dismiss the habeas petitions of appellees in Nos. 05-5234, 05-5483, 06-5061, and 06-5066 be dismissed as moot in light of petitioners' release and the district court's dismissal of the petitions for writ of habeas corpus. It is

**FURTHER ORDERED** that the motion to vacate the notice orders and to dismiss the habeas petitions of appellees in Nos. 05-5226, -5233, -5241, -5245, -5340, -5341, -5399, -5480, -5482, and Nos. 06-5040, -5044, -5063, and -5068 be denied without prejudice. The district court is the appropriate forum to determine whether petitioners' remaining claims in their habeas actions are moot. <u>See Kiyemba v. Bush</u>, 219 Fed. Appx. 7 (D.C. Cir. 2007). It is

**FURTHER ORDERED** that consideration of the government's motion to vacate and dismiss the remaining cases in Nos. 05-5224, et al., and appellees' motion to stay dismissal or order reinstatement, be deferred and these consolidated cases held in abeyance pending further order of the court. The parties are directed to file motions to govern further proceedings within thirty days of the Supreme Court's decision in <u>Boumediene v. Bush</u> and <u>Al Odah v. United States</u>, Nos. 06-1195 & 06-1196, <u>cert. granted</u> (U.S. Jun. 29, 2007). It is

Page 2

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 05-5224                                    September Term, 2006

FURTHER ORDERED that the consolidation of Nos. 05-5226, -5233, -5234, -5241, -5245, -5340, -5341, -5399, -5480, -5482, -5483, and Nos. 06-5040, -5044, -5061, -5063, -5066, and -5068 with Nos. 05-5224, et al., be terminated.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate in Nos. 05-5226, -5233, -5234, -5241, -5245, -5340, -5341, -5399, -5480, -5482, -5483, and Nos. 06-5040, -5044, -5061, -5063, -5066, and -5068 until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:

MaryAnne McMain
Deputy Clerk/LD

Page 3

# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MOHAMMED AHMED TAHER, et al., :
                        :
      Petitioners,     :
                        :
    v.                :    Civil Case No. 06-1684(GK)
                        :
GEORGE W. BUSH, et al., :
                        :
      Respondents.    :
                        :

---

## ORDER

This matter is before the Court on Respondents' Motion to Dismiss Petition for Want of Jurisdiction or, in the Alternative, to Transfer Petition to the United States Court of Appeals for the District of Columbia Circuit [Dkt. No. 5].

On June 29, 2007, the Supreme Court granted certiorari to review the merits of our Court of Appeals' decision in <u>Boumediene v. Bush</u>, 476 F.3d 981 (D.C. Cir. 2007). Accordingly, it is hereby

**ORDERED** that Respondents' Motion to Dismiss Petition for Want of Jurisdiction or, in the Alternative, to Transfer Petition to the United States Court of Appeals for the District of Columbia Circuit [Dkt. No. 5] is **denied without prejudice** until the Supreme Court has ruled definitively on the issue of this District Court's jurisdiction.

September 13, 2007

                      /s/
                      Gladys Kessler
                      United States District Judge

**Copies to: Attorneys of Record via ECF**

# EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AHMED AL DARBY,<br> *et al.*,<br>   Petitioner,<br><br> v.<br><br>GEORGE W. BUSH,<br> President of the United States,<br> *et al.*,<br>   Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 05-2371 (RCL)

## ORDER

Until a final ruling is made on this Court's jurisdiction, the petitioner's motion [24] for an order requiring notice of transfer or return, and petitioner's motion [25] for an order requiring factual returns are both denied, without prejudice.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, August 8, 2007.

# EXHIBIT J

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAHMOOD SALIM
AL-MOHAMMED, et al.,

Petitioners,

v.

GEORGE W. BUSH, et al.,

Respondents.

Civil Action 05-00247 (HHK)

## ORDER TO STAY AND HOLD IN ABEYANCE

Petitioner Al-Mohammed is a Syrian national being detained by the U.S. military at Guantánamo Bay Naval Base who has filed a habeas corpus petition challenging the legality of his detention. Before the court is Petitioner's motions to stay and abey his habeas corpus motions [#55], pending resolution of the appeals in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) (concluding that the district court no longer had jurisdiction over petitions for habeas corpus brought by those detained by U.S. military at Guantanamo pursuant to the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA")).

On June 29, 2007, the Supreme Court granted certiorari in *Boumediene*. *See* 75 U.S.L.W. 3707 (June 29, 2007). On July 26, 2007, the D.C. Circuit granted petitioners' motion to recall the mandate in *Boumediene* pending the Supreme Court's review of that decision. *See Boumediene*, No. 05-5062 (D.C. Cir. July 26, 2007) (order granting motion and recalling the mandate).

Petitioner seeks an order staying his petition in light of the pending review in *Boumediene*. The Government contends, *inter alia*, that *Boumediene* and the MCA deprive this court of jurisdiction over such motions.[1]

In light of the recall of the mandate in *Boumediene*, and upon consideration of the motion, the opposition thereto, and the record in this case, it is this August 7, 2007, hereby

**ORDERED** that Petitioner's motion to stay and abey this case [#55] is **GRANTED** and all matters in the above-captioned action are **STAYED** pending resolution of the Supreme Court's review of *Boumediene*.

Henry H. Kennedy, Jr.
United States District Judge

---

[1]    The D.C. Circuit, however, has denied motions to vacate a district court's 30 days' notice of transfer orders and has confirmed that district courts may "consider in the first instance respondents' motion to dismiss and petitioners' motions to stay and hold in abeyance, which are currently pending before the district court." *See Al Ginco v. Bush*, No. 06-5191 (D.C. Cir. June 7, 2007).

# EXHIBIT K

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
ABDUL HADI OMAR MAHMOUD FARAJ,      )
                                    )
            Petitioner,             )
                                    )
      v.                            )          Civil Action No. 05-1490 (PLF)
                                    )
GEORGE W. BUSH, et al.,             )
                                    )
            Respondents.            )
                                    )
```

## ORDER

This matter is before the Court on defendants' motion to dismiss. In light of the Supreme Court's grant of certiorari in *Boumediene v. Bush*, – S.Ct. –, 2007 WL 1854132 (June 29, 2007) (No. 06-1195) and *Al-Odah v. Bush*, – S.Ct. –, 2007 WL 681992 (June 29, 2007) (No. 06-1196), the undersigned concludes that the pending motion to dismiss should be denied without prejudice pending the Supreme Court's decision. *See Al Maqeleh v. Gates*, Civil Action No. 06-1669, 2007 WL 2059128 (D.D.C. July 18, 2007) (denying without prejudice motion to dismiss in case filed by detainee held in Afghanistan). Accordingly, it is hereby

ORDERED that defendants' motion to dismiss [55] is DENIED without prejudice. This matter will remain stayed pending the Supreme Court's resolution of *Boumediene v. Bush* (06-1195) and *Al-Odah v. Bush* (06-1196). It is

FURTHER ORDERED that petitioner's motion to stay and hold in abeyance [54]

is denied as moot.

SO ORDERED.

_____/s/_____

PAUL L. FRIEDMAN

DATE:  July 27, 2007                    United States District Judge

2

# EXHIBIT L

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FADI AL MAQALEH,

Petitioner,

v.

ROBERT GATES, et al.,

Respondents.

Civil Action No.  06-1669 (JDB)

## ORDER

Petitioner Fadi Al Maqaleh, a Yemeni citizen detained at the Bagram Airfield in

Afghanistran, seeks a writ of habeas corpus ordering, among other things, his release from the

allegedly unlawful custody of the United States.  Respondents have moved to dismiss his petition for

lack of subject-matter jurisdiction.  They argue that the Military Commissions Act of 2006 ("MCA"),

Pub. L. No. 109-366, § 7(a), 120 Stat. 2636, unambiguously eliminates the statutory basis for

subject-matter jurisdiction, and that petitioner has no independent right to habeas review under the

Constitution or the common law.  Respondents' argument on the latter point is based in substantial

part on the D.C. Circuit's decision in Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007), in which

the court held that the MCA divests federal courts of jurisdiction over all actions filed by aliens

captured abroad and detained as enemy combatants at the Guantanamo Bay Naval Base (except for

the specific review available under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119

Stat. 2742), and also that such aliens have no constitutional or common-law right to habeas review.

476 F.3d at 988-994.

By the time that briefing on respondents' motion was completed in late April of this year, the

-1-

Supreme Court had denied two petitions for certiorari seeking review of the <u>Boumediene</u> decision. 127 S. Ct. 1478 (April 2, 2007). The court of appeals later issued its mandate on June 27, 2007. As of that date, then, the <u>Boumediene</u> decision was by all appearances final, and the law of this circuit firmly established. But on the final day of its term, the Supreme Court reversed course and granted the two petitions for certiorari. <u>Boumediene v. Bush</u>, -- S. Ct. --, 2007 WL 1854132 (June 29, 2007) (No. 06-1195); <u>Al Odah v. United States</u>, -- S. Ct. --, 2007 WL 681992 (June 29, 2007) (No. 06-1196). Those petitions directly challenge the D.C. Circuit's resolution of, among other issues, the following question: whether aliens captured and detained by the United States outside of the United States have a right under the Constitution or at common law to challenge their detentions via habeas corpus petitions. Petition for a Writ of Certiorari at i, <u>Al Odah v. United States</u> (No. 06-1196).

Putting to one side what may ultimately be significant differences between the Guantanamo detainees and those confined at Bagram, the answer to this question is equally relevant here. Even if respondents are correct that the MCA eliminates any <u>statutory</u> basis for subject-matter jurisdiction, the Court will still need to address petitioner's contention that he enjoys a constitutional or common-law right to habeas review. Definitive resolution of that issue, however, should await the Supreme Court's ruling in <u>Boumediene</u>. If the Supreme Court accepts the D.C. Circuit's reasoning and conclusion with respect to the availability of habeas review, respondents may well prevail on their motion to dismiss this case. Respondents may also prevail even if the Supreme Court rules narrowly for the Guantanamo detainees based on its previous decision in <u>Rasul v. Bush</u>, 542 U.S. 466 (2004). On the other hand, the Supreme Court could issue a broader decision in favor of the detainees, one whose reasoning applies not just to Guantanamo, but to Bagram and other locations as well. In short, whatever conclusion it reaches, and whatever the grounds for that conclusion, the Supreme Court's decision in <u>Boumediene</u> is likely directly to affect the outcome of this case.

-2-

This Court recognizes that the D.C. Circuit's ruling in Boumediene remains, at least for now, controlling precedent with respect to the Guantanamo detainees. But that decision does not definitively resolve the jurisdictional questions raised by this case. As such, this Court retains both the authority to determine its own jurisdiction, see United States v. Ruiz, 536 U.S. 622, 627 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction."), and the related power, until the jurisdictional issues are finally determined, "'to make orders to preserve the existing conditions and the subject of the petition.'" See United States v. United Mine Workers of Am., 330 U.S. 258, 291 (1947) (quoting United States v. Shipp, 203 U.S. 563, 573 (1906)). Exercising only these limited powers, and given the significance of the issues pending before the Supreme Court in Boumediene, the Court concludes that the most sensible course following the belated grants of certiorari is to deny respondents' motion to dismiss without prejudice to refiling following the Boumediene decision. See Ameziane v. Bush, Civ. A. 05-0392 (ESH) (D.D.C. July 5, 2007) (minute order entered in Guantanamo cases denying without prejudice respondents' motions to dismiss the habeas petitions filed by detainees). Accordingly, it is this 18th day of July, 2007, hereby

ORDERED that [7] respondents' motion to dismiss for lack of subject-matter jurisdiction is DENIED WITHOUT PREJUDICE to refiling following the Supreme Court's decision in Boumediene v. Bush, No. 06-1195, and Al Odah v. United States, No. 06-1196.

SO ORDERED.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Dated: July 18, 2007

-3-

# EXHIBIT M

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED ABDUL RAHMAN AL SHIMRANI, *et al.*, | ) ) ) ) |
| Petitioners, | ) ) |
| v. | ) Civil Action No. 05-2249 (RMC) |
| GEORGE WALKER BUSH, *et al.*, | ) ) ) |
| Respondents. | ) ) |

## ORDER

This matter comes before the Court on Petitioners' Motion for Reconsideration of Order Dismissing Petition for Habeas Corpus and Denying Motion to Stay Proceedings and Hold in Abeyance. *See* May 9, 2007 Order [Dkt. #48]. In *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), the D.C. Circuit ruled that the Military Commissions Act of 2006 (MCA), Pub. L. No. 109-366, 120 Stat. 2600 (2006), eliminated jurisdiction of the federal courts to consider habeas actions by Guantanamo detainees, and that the Guantanamo detainees, as aliens outside the sovereign territory of the United States, lack constitutional rights and therefore lack standing to challenge the elimination of jurisdiction. The mandate issued on June 27, 2007 pursuant to Federal Rule of Appellate Procedure 41(b). The Supreme Court granted certiorari on June 29, 2007 in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) pursuant to Supreme Court Rule 44.2 and vacated its April 2, 2007 Order denying certiorari. On July 26, 2007, the Court of Appeals ordered that "the mandate be recalled" and that "[t]he Clerk of the United States District Court for the District of Columbia is directed to return forthwith to the United States Court of Appeals for the District of Columbia Circuit the mandate issued June 27, 2007." *Boumediene v. Bush*, D.C. Cir. Nos. 05-5062; *Al Odah v. United*

*States*, D.C. Cir. No. 05-5064. In light of these recent events, the Court will grant the Petitioners'

motion for reconsideration and will stay and hold this case in abeyance pending the Supreme Court's

decision in *Boumediene*. Accordingly, it is hereby

      **ORDERED** that Petitioner's Motion for Reconsideration of Order Dismissing

Petition for Habeas Corpus and Denying Motion to Stay Proceedings and Hold in Abeyance [Dkt.

#53] is **GRANTED**; and it is

      **FURTHER ORDERED** that this case is stayed pending the Supreme Court's

decision in *Boumediene v. Bush*.

      **SO ORDERED.**

                              _____/s/_____
                              ROSEMARY M. COLLYER
                              United States District Judge

DATE: August 22, 2007

2

# EXHIBIT N

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SALIM GHEREBI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No: 04-1164 (RBW) |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| ISA ALI ABDULLA ALMURBATI, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | Civil Action No. 04-1227 (RBW) |
| v. | ) | |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| ELHAM BATTAYAV | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No: 05-714 (RBW) |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| KARIN BOSTAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 05-883 (RBW) |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |

1

Respondents.                               )
_____    )
NASRULLAH,                                 )
                                           )
   Petitioner,             )
                                           )
   v.                      )    Civil Action No. 05-891 (RBW)
                                           )
GEORGE WALKER BUSH, et al.,                )
                                           )
   Respondents.            )
_____    )
ASIM BEN THABIT AL-KHALAQI,                )
                                           )
   Petitioner,             )
                                           )
   v.                      )    Civil Action No. 05-999 (RBW)
                                           )
GEORGE WALKER BUSH, et al.,                )
                                           )
   Respondents.            )
_____    )
MOHAMMED AMON,                             )
                                           )
   Petitioner,             )
                                           )
   v.                      )    Civil Action No. 05-1493 (RBW)
                                           )
GEORGE WALKER BUSH, et al.,                )
                                           )
   Respondents.            )
_____    )

AMEEN MOHAMMAD ALBKRI, et al.,    )
    )
    Petitioners,    )
    )
    v.    )
    )   Civil Action No. 05-1639 (RBW)
GEORGE WALKER BUSH, et al.,    )
    )
    Respondents.    )
_____ )

ABDALHADI M. AL-SOPAI, et al.,    )
    )
    Petitioners,    )
    )
    v.    )   Civil Action No. 05-1667 (RBW)
    )
GEORGE WALKER BUSH, et al.,    )
    )
    Respondents.    )
_____ )

KADEER KHANDAN,    )
    )
    Petitioner,    )
    )
    v.    )   Civil Action No. 05-1697 (RBW)
    )
GEORGE WALKER BUSH, et al.,    )
    )
    Respondents.    )
_____ )

ISSAM HAMID ALI BIN ALI AL JAYFI, et al.,  )
    )
    Petitioners,    )
    )
    v.    )   Civil Action No: 05-2104 (RBW)
    )
GEORGE WALKER BUSH, et al.,    )
    )
    Respondents.    )
_____ )

3

JABBAROW OYBEK JAMOLIVICH,                )
                                          )
    Petitioner,                           )
                                          )
    v.                                    )    Civil Action No: 05-2112 (RBW)
                                          )
GEORGE WALKER BUSH, et al.,               )
                                          )
    Respondents.                          )
_____    )

AMER MOHAMMON, et al.,                    )
                                          )
    Petitioners,                          )
                                          )
    v.                                    )    Civil Action No: 05-2386 (RBW)
                                          )
GEORGE WALKER BUSH, et al.,               )
                                          )
    Respondents.                          )
_____    )

WASIM, et al.,                            )
                                          )
    Petitioners,                          )
                                          )
    v.                                    )    Civil Action No: 06-1675 (RBW)
                                          )
GEORGE WALKER BUSH, et al.,               )
                                          )
    Respondents.                          )
_____    )

MAJID KHAN, et al.,                       )
                                          )
    Petitioners,                          )
                                          )
    v.                                    )    Civil Action No: 06-1690 (RBW)
                                          )
GEORGE WALKER BUSH, et al.,               )
                                          )
    Respondents.                          )
_____    )

HAJI WAZIR, et al.,                    )
                                        )
                                        )
   Petitioners,                         )
                                        )
   v.                                   )     Civil Action No: 06-1697 (RBW)
                                        )
DONALD RUMSFELD, et al.,                )
                                        )
   Respondents.                         )
_____ )

## ORDER

On October 17, 2006, Congress enacted the Military Commissions Act of 2006 ("MCA"),

Pub. L. No. 109-366, § 7, 120 Stat. 2600, 2636-37 (2006), which, inter alia, amends 28 U.S.C. §

2241 (2000) in a manner that raises serious questions concerning whether this Court retains

jurisdiction to hear the above-captioned cases. See 28 U.S.C. § 2241(e). These questions are

currently pending resolution in the United States Court of Appeals for the District of Columbia

Circuit. Until the District of Columbia Circuit resolves the jurisdictional questions raised by the

MCA, it is this Court's view that it lacks the authority to take any action in these cases.

Accordingly, it is hereby

   **ORDERED** that all pending motions in the above-captioned cases are hereby DENIED

WITHOUT PREJUDICE until such time as the District of Columbia Circuit resolves the

question of this Court's jurisdiction to adjudicate these cases.[1] It is further

   **ORDERED** that the above-captioned cases are ADMINISTRATIVELY CLOSED. In the

event that the District of Columbia Circuit concludes that this Court retains some degree of

_____

[1] If the District of Columbia Circuit concludes that this Court retains jurisdiction over these cases, either
party may move to reinstate the pending motions.

jurisdiction over any or all of the above-captioned cases, the matters will be automatically re-opened as appropriate.

    **SO ORDERED** this 31st day of January, 2007.

REGGIE B. WALTON
United States District Judge

6