# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AL HALMANDY, *et al.* ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-2385 (ESH) |
| ) | |
| BARACK OBAMA, *et al.*, ) | (Saleh, ISN 78) |
| ) | |
| ) | |
| Respondents. ) | |
| ) | |

## ORDER

The Court hereby amends the Case Management Order ("CMO") issued in *In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442, Dkt. No. 940 (Nov. 6, 2008) (TFH), *amended by*, Misc. No. 08-442, Dkt. No. 1315 (Dec. 16, 2008) (TFH), for the case before the Court involving petitioner Mohammed (ISN 570).  It is hereby

**ORDERED** that in addition to those procedures set forth in the CMO, and, where inconsistent with the provisions of the CMO, in replacement thereof, the following procedures shall govern the case of the above-named petitioner:

1. Statement of Material Facts

On or before July 20, 2009, the government shall file a numbered statement of material facts upon which it intends to rely in making its case-in-chief.  The statement of material facts shall provide a short statement of each material fact upon which the government intends to rely in making its case-in-chief, and it shall identify all evidence the government expects to elicit in support of those facts and how it intends to present the evidence, including the names of any

witnesses the government intends to call.  The government shall not be precluded from relying on evidence not contained in its statement of material facts to rebut petitioner's arguments on the merits.

    2.    <u>Automatic Discovery</u>

The government shall produce the following automatic discovery to the extent that it constitutes "reasonably available evidence."  "Reasonably available evidence" includes any evidence discovered by the government attorneys while preparing the petitioner's factual return[1] and while litigating habeas corpus petitions filed by other detainees at Guantanamo Bay, as well as any evidence discovered during the ongoing review of Guantanamo cases ordered by President Obama on January 22, 2009.  *See* Executive Order 13,492, § 2(d) (ordering the "prompt and thorough review of the factual and legal bases for the continued detention of all individuals currently held at Guantanamo, and of whether their continued detention is in the national security and foreign policy interests of the United States and in the interests of justice"); *see also id.* § 4.

If the government intends to rely on any statements in its statement of material facts, it shall produce, to the Court and to petitioner's counsel, on or before July 20, 2009, the statements, in whatever form, including any:

        a.  audio recordings of statements;
        b.  video recordings of statements;
        c.  transcripts of statements;
        d.  contemporaneous notes taken during statements; or

---

[1] As agreed by the government, this includes "review of all of the information included in the records of a detainee's Combatant Status Review Tribunal ("CSRT") and Administrative Review Board ("ARB") proceedings, as well as additional information reasonably available to the Department of Defense." Government's Motion for Clarification and Reconsideration, 8, Misc. No. 08-442, Dkt. No. 1004 (Nov. 18, 2008) (TFH); *see also* England Decl. ¶¶ 5-8.

      e.  records or reports of statements prepared by persons other than the persons who prepared the summaries of the statements already produced.

In addition, the government shall produce: (1) the identity of the speaker; (2) the content of the statement; (3) the person(s) to whom the statement was made; (4) the date and time the statement was made or adopted; and (5) the circumstances under which such statement was made or adopted (including the location where the statement was made). If the government cannot identify the original source or any later source of information of information relied upon in its statement of material facts, it must so indicate.

If the government intends to rely on any documents (including 302 reports) in its statement of material facts, the documents shall be produced to the Court and petitioner's counsel on or before July 20, 2009, and the relevant portions of the documents shall be identified (by page and paragraph number) unless the government intends to rely on the entire document.

No other automatic discovery obligations shall apply at this time.

    3.    <u>Declassified Versions:</u>

As soon as possible, petitioner shall inform the government of those portions of the unclassified return and attachments thereto that he seeks to have declassified. Under the heading "High Priority Items," petitioner shall identify the items he considers most important to his ability to present his defense. By not later than June 8, 2009, the government shall file the declassified return, and if it will not declassify any priority item, it shall provide a justification for each item it has determined not to declassify.

    4.    <u>Exculpatory Evidence</u>

On or before July 20, 2009, the government shall disclose to petitioner's counsel all reasonably available evidence in its possession that tends to materially undermine the evidence

that the government intends to rely on in its case-in-chief, including any evidence or information that undercuts the reliability and/or credibility of the government's evidence, (*i.e.*, such as evidence that casts doubt on a speaker's credibility, evidence that undermines the reliability of a witness's identification of the petitioner, or evidence that indicates a statement is unreliable because it is the product of abuse, torture, or mental or physical incapacity).  The term "reasonably available evidence" is defined in section 2 of this Order.  This definition of exculpatory evidence encompasses, but is not limited to, the exculpatory evidence required under Part I.D.1 of the CMO.

On or before July 24, 2009, the government shall file a written updated certification, signed by counsel, that indicates the scope of its search for exculpatory evidence and the results of that search.

     5.    <u>Proposed Plan</u>

On or before August 3, 2009, petitioner shall file a proposed plan that specifies whether petitioner intends to proceed by seeking additional discovery, by filing a traverse, or by briefing a motion for expedited judgment on the record.

If petitioner seeks to move for additional discovery pursuant to Part I.E.2 of the CMO, petitioner must confer with opposing counsel before submitting any such motion.

Petitioner may elect to file a motion for expedited judgment on the record if petitioner believes in good faith that the factual allegations against him set forth in the government's statement of material facts, even if assumed to be true, do not, as a legal matter, justify his detention pursuant to the authority conferred to the President by the Authorization for Use of Military Force, Pub. L. No. 107-40, § 2(a), 115 Stat. 225, 224 (2001).

Petitioner shall not waive his right to request further discovery if petitioner elects to proceed by first submitting a traverse or motion for expedited judgment on the record.

6. Hearing

The next status conference for petitioner Saleh is scheduled for August 12, 2009, at 9:30 a.m.

7. Issues relating to Section II of Judge Hogan's CMO will be held in abeyance pending further order of this Court.

S**O ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: April 30, 2009