## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**AL HALMANDY,** *et al.*                            )
                                                    )
                   **Petitioners,**                  )
                                                    )
         **v.**                                      )    **Civil Action No. 05-2385 (ESH)**
                                                    )
**BARACK OBAMA,** *et al.*,                          )    **(Nargeri, ISN 510)**
                                                    )
                                                    )
                   **Respondents.**                  )
_____)

### ORDER

The Court hereby amends the Case Management Order ("CMO") issued in *In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442, Dkt. No. 940 (Nov. 6, 2008) (TFH), *amended by*, Misc. No. 08-442, Dkt. No. 1315 (Dec. 16, 2008) (TFH), for the case before the Court involving petitioner Nargeri (ISN 510).  It is hereby

**ORDERED** that in addition to those procedures set forth in the CMO, and, where inconsistent with the provisions of the CMO, in replacement thereof, the following procedures shall govern the case of the above-named petitioner:

1.    Statement of Material Facts

On or before July 28, 2009, the government shall file a numbered statement of material facts upon which it intends to rely in making its case-in-chief.  The statement of material facts shall provide a short statement of each material fact upon which the government intends to rely in making its case-in-chief, and it shall identify all evidence the government expects to elicit in support of those facts and how it intends to present the evidence, including the names of any

1

witnesses the government intends to call.  The government shall not be precluded from relying on evidence not contained in its statement of material facts to rebut petitioner's arguments on the merits.

     2.    <u>Automatic Discovery</u>

     The government shall produce the following automatic discovery to the extent that it constitutes "reasonably available evidence."  "Reasonably available evidence" includes any evidence discovered by the government attorneys while preparing the petitioner's factual return[1] and while litigating habeas corpus petitions filed by other detainees at Guantanamo Bay, as well as any evidence discovered during the ongoing review of Guantanamo cases ordered by President Obama on January 22, 2009.  *See* Executive Order 13,492, § 2(d) (ordering the "prompt and thorough review of the factual and legal bases for the continued detention of all individuals currently held at Guantanamo, and of whether their continued detention is in the national security and foreign policy interests of the United States and in the interests of justice"); *see also id.* § 4.

     If the government intends to rely on any statements in its statement of material facts, it shall produce, to the Court and to petitioner's counsel, on or before July 28, 2009, the statements, in whatever form, including any:

          a.   audio recordings of statements;

          b.   video recordings of statements;

          c.   transcripts of statements;

          d.   contemporaneous notes taken during statements; or

---

[1] As agreed by the government, this includes "review of all of the information included in the records of a detainee's Combatant Status Review Tribunal ("CSRT") and Administrative Review Board ("ARB") proceedings, as well as additional information reasonably available to the Department of Defense."  Gov't's Mot. for Clarification and Reconsideration at 8, No. 08-MC-442, Dkt. No. 1004 (Nov. 18, 2008) (Hogan, J.); *see also* England Decl. ¶¶ 5-8.

> e. records or reports of statements prepared by persons other than the persons who prepared the summaries of the statements already produced.

In addition, the government shall produce: (1) the identity of the speaker; (2) the content of the statement; (3) the person(s) to whom the statement was made; (4) the date and time the statement was made or adopted; and (5) the circumstances under which such statement was made or adopted (including the location where the statement was made). If the government cannot identify the original source or any later source of information of information relied upon in its statement of material facts, it must so indicate.

If the government intends to rely on any documents (including 302 reports) in its statement of material facts, the documents shall be produced to the Court and petitioner's counsel on or before July 28, 2009, and the relevant portions of the documents shall be identified (by page and paragraph number) unless the government intends to rely on the entire document.

No other automatic discovery obligations shall apply at this time.

3. <u>Unclassified Versions:</u>

As soon as possible, petitioner shall inform the government of those portions of the unclassified return and attachments thereto that he seeks to have declassified. Under the heading "High Priority Items," petitioner shall identify the items he considers most important to his ability to present his defense. By not later than June 8, 2009, the government shall file the declassified return, and if it will not declassify any priority item, it shall provide a justification for each item it has determined not to declassify.

4. <u>Exculpatory Evidence</u>

On or before July 28, 2009, the government shall disclose to petitioner's counsel all reasonably available evidence in its possession that tends to materially undermine the evidence

that the government intends to rely on in its case-in-chief, including any evidence or information

that undercuts the reliability and/or credibility of the government's evidence, (*i.e.*, such as

evidence that casts doubt on a speaker's credibility, evidence that undermines the reliability of a

witness's identification of the petitioner, or evidence that indicates a statement is unreliable

because it is the product of abuse, torture, or mental or physical incapacity).  The term

"reasonably available evidence" is defined in section 2 of this Order.  This definition of

exculpatory evidence encompasses, but is not limited to, the exculpatory evidence required under

Part I.D.1 of the CMO.

On or before August 3, 2009, the government shall file a written updated certification,

signed by counsel, that indicates the scope of its search for exculpatory evidence and the results

of that search.

5.    <u>Proposed Plan</u>

On or before August 12, 2009, petitioner shall file a proposed plan that specifies whether

petitioner intends to proceed by seeking additional discovery, by filing a traverse, or by briefing

a motion for expedited judgment on the record.

If petitioner seeks to move for additional discovery pursuant to Part I.E.2 of the CMO,

petitioner must confer with opposing counsel before submitting any such motion.

Petitioner may elect to file a motion for expedited judgment on the record if petitioner

believes in good faith that the factual allegations against him set forth in the government's

statement of material facts, even if assumed to be true, do not, as a legal matter, justify his

detention pursuant to the authority conferred to the President by the Authorization for Use of

Military Force, Pub. L. No. 107-40, § 2(a), 115 Stat. 225, 224 (2001).

Petitioner shall not waive his right to request further discovery if petitioner elects to

proceed by first submitting a traverse or motion for expedited judgment on the record.

6.      <u>Hearing</u>

The next status conference for petitioner Nargeri is scheduled for August 18, 2009, at

9:30 a.m.

7.      Issues relating to Section II of Judge Hogan's CMO will be held in abeyance

pending further order of this Court.

**S**O **ORDERED.**

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE:   May 4, 2009