UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAKI BACHA (a.k.a. MOHAMMED JAWAD), ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.                                ) | Civil Action No. 05-2385 (ESH) |
| ) | (Jawad, ISN 900) |
| BARACK H. OBAMA, *et al.*,       ) | |
| ) | |
| Defendants.                    ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is respondents' sealed motion to confirm designation of certain information from respondents' statement of material facts as "protected" information (Dkt. No. 299) and petitioner's sealed opposition thereto. (Dkt. No. 309.) For the reasons stated below, the Court will deny in part and grant in part respondents' motion.

Paragraph 34 of the protective order governing the Guantanamo Bay habeas cases requires the government to notify habeas counsel if it seeks to designate information as protected. If the parties cannot agree – as is the case here – then the government is required to file a motion asking the Court to order the designation. *See* Protective Order and Procedures for Counsel Access to Detainees at the United States Navel Base at Guantanamo Bay, Cuba, *In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C. Sept. 11, 2008) (Dkt. No. 409).

On July 8, 2009, the government moved to have the date, month, and year portion of the titles of intelligence reports designated as protected information. In support of its motion, the government argues that the release of interrogation dates could enable someone to discern the

1

identity of the speaker, which could lead to retaliation against that speaker or his family, and "disrupt the safe, secure and orderly running of" the Guantanamo Bay detention facility. (Respts.' Mot. at 2-4.)

At the outset, the Court notes that the government has declined to exercise its authority to designate the date, month, or year portion of the reports as classified material.[1]  It is therefore left to this Court's discretion to decide whether the unclassified information in question should be deemed "protected." "It is the court, not the Government, that has discretion to seal a judicial record, which the public ordinarily has the right to inspect and copy. Therefore, insofar as a party seeks to file with the court nonclassified information the Government believes should be 'protected,' the Government must give the court a basis for withholding it from public view." *Bismullah v. Gates*, 501 F.3d 178, 188 (D.C. Cir. 2007). "[T]he government has the burden of showing that it has a compelling interest in keeping the materials secret." *In re Guantanamo Bay Detainee Litig.*, 2009 WL 1542776, at *8 (quoting *In re Application of New York Times Co. for Access to Certain Sealed Court Records*, 585 F. Supp. 2d 83, 90 (D.D.C. 2008)).

First, with respect to intelligence reports regarding petitioner's statements, the Court concludes that the date, month, and year information should *not* be designated as protected. The Department of Defense has already published a record that lists the date and location of every interrogation of petitioner from December 26, 2002 to May 28, 2006. (*See* Defs.' Mot. to Dismiss Based on Torture of Detainee Pursuant to R.M.C. 907, Attach. 10 at 153-155 (citing

---

[1] The Executive has "authority to classify and control access to information bearing on national security," and the Supreme Court has stated that "the protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it." *Dep't of the Navy v. Egan*, 484 U.S. 518, 527 (1988); *see also Fitzgibbon v. Cent. Intelligence Agency*, 911 F.2d 755, 762 (D.C. Cir. 1990).

www.defenselink.com materials).)[2]  The law "precludes the government from seeking to designate as protected information that is already in the public domain." *In re Guantanamo Bay Detainee Litig.*, 2009 WL 1542776, at *3 (citing *Parhat*, 532 F.3d at 853.)

Second, with respect to the intelligence reports regarding statements by declarants other than petitioner, the Court concludes that the specific date of the interview should be protected because the government's argument that someone could use that date to reconstruct the speaker's identity is a compelling reason to protect the information.  However, the Court concludes that the government has failed to present a sufficient reason for why the month and the year of the interviews should not be made public.

Withholding the specific date from the public is sufficient to protect the speaker's identity without unfairly limiting the public's access to these proceedings.  The Court recognizes that "public access plays a significant positive role in the functioning" of habeas proceedings. Mem. Opin. at 14, *In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C. June 1, 2009) ("[O]pening the judicial process ensures actual fairness as well as the appearance of fairness."). The public has a legitimate interest in gaining access to the month and year of the reports containing inculpatory statements to determine whether those statements are reliable (*i.e.*, whether the interrogation occurred a substantial time after the event in question).  *See Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178 (6th Cir. 1983) ("Without access to the proceedings, the public cannot analyze and critique the reasoning of the court.  The remedies or penalties imposed by the court will be more readily accepted, or corrected if erroneous, if the

---

[2] Respondents concede that at least some of petitioner's statements are already available in the public domain and withdraw their motion with respect to the following reports: ISN 900 Handnote (Dec. 26, 2002); ISN 900 Handnote (Dec. 27, 2002); ISN 900 Handnote (Dec. 28, 2002); ISN 900 Handnote (Jan. 4, 2002); ISN 900 MFR (Feb. 10, 2003); ISN 900 SIR (Feb. 11, 2003); ISN 900 MFR (Feb. 19, 2003); ISN 900 MFR (Apr. 9, 2003); ISN 900 MFR (July 21, 2003); and ISN MFR (Sept. 3, 2003). (Respts.' Reply at 1 n.1.)

public has an opportunity to review the facts presented to the court."). Accordingly, the Court designates the dates of the intelligence reports as protected, but declines to designate the month and the year as protected.

For the foregoing reasons, the Court DENIES IN PART AND GRANTS IN PART respondents' motion. The date, month, and year information for petitioner's own statements shall not be designated as protected because that information is already in the public domain. The dates for reports of other declarants shall be designated protected; however, the month and year shall not be designated protected.

The Court DENIES petitioner's request that respondents' motion be unsealed and filed on the public docket.

**SO ORDERED.**

                                        _____/s/_____
                                        ELLEN SEGAL HUVELLE
                                        United States District Judge

Date:   September 4, 2009