IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AL HALMANDY, *et al.*, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-2385 (ESH) |
| ) | (ISN 570) |
| BARACK OBAMA, ) | |
| President of the United States, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**OPPOSITION TO RESPONDENTS' MOTION FOR AN EXTENSION OF TIME TO FILE A MOTION TO AMEND THE STATEMENT OF MATERIAL FACTS**

Petitioner Sabry Mohammad Ebrahim Al Qurashi has been held illegally by the United States Government for seven-and-a-half years. With only a few hours remaining to file a motion to amend its Statement of Material Facts, the Government has now sought yet again to delay any impartial hearing on the merits of Mr. Al Qurashi's detention, requesting an extension of almost six weeks, until October 30, 2009, while it contemplates whether to file such a motion.[1] This Court's stated intention, however, is to conduct a merits hearing before the end of 2009. The Government's requested extension would significantly prejudice Mr. Al Qurashi's ability to adequately prepare for the hearing and significantly delay this Court's efforts to conduct a prompt hearing. The Government's request, therefore, should be denied.

The Government has had more than seven years to assemble materials in its case against Mr. Al Qurashi. Five years ago, in October 2004, the Government first marshaled its evidence against Mr. Al Qurashi and summoned him before a Combatant Status Review Tribunal (CSRT). The next year, in August 2005, the Government again reviewed this same evidence and used it

---

[1] The Government did not contact counsel for Mr. Al Qurashi until after business hours on September 21, 2009, the day of its deadline to file its motion for leave, in order to request its extension of six weeks. *See* Bhargava Decl. at ¶ 2. Counsel for Mr. Al Qurashi offered to consent to an extension of ten days until October 1, 2009. *Id.* However, the Government rebuffed this offer and filed its Motion for an Extension of Time. *Id.*

against Mr. Al Qurashi in an Administrative Review Board (ARB). In October 2008, the Government filed its Factual Return before this Court, relying on the same evidence that it used before the CSRT and ARB. *See* Dkt. 75. Finally, one month ago, the Government repackaged its allegations into a Statement of Material Facts.

Now, despite four previous bites at the apple, the Government seeks an additional six weeks in the event that it chooses to amend its Statement of Material Facts. However, a motion to amend the Statement is not a foregone conclusion. Counsel for the Government indicated that it does not know whether it would even file an amended Statement after delaying the process for six weeks. *See* Bhargava Decl. at ¶ 3. Further, the Government does not even state in its Motion that it has additional inculpatory evidence that may be used to amend the Statement. The requested extension, therefore, is unreasonable. The Government has known about the September 21, 2009 deadline since this Court ordered it on August 12, 2009. Dkt. 330. It has been aware of its responsibility to review reasonably available evidence, including the Obama Task Force materials, since April 30, 2009 (*see* Dkt. 242), yet it chose to repeatedly delay that process. It has already had more than seven years to gather its evidence against Mr. Al Qurashi, and it should not be permitted to delay the process even further.

Moreover, the Government offers no other compelling reason why it requires additional time. First, it cites to its review of documents for exculpatory information. Mot. at 1-2. However, the Government has indicated that this "review is substantially completed." *See* Dkt. 366 at 6; Bhargava Decl. at ¶ 3. Second, the Government argues that its ongoing obligation to produce potentially exculpatory materials as they become available entitles them to an extension. This makes no sense. If this ongoing obligation could serve as a basis for an extension to amend the Statement, no deadline could be imposed and this proceeding would continue indefinitely. Rather, the Government has an ongoing obligation to timely produce exculpatory information

2

regardless of any deadlines governing the Statement of Material Facts.  Finally, the Government cites the fact that Mr. Al Qurashi has been forced to file a motion to compel requiring the Government to produce exculpatory information.  Mot. at 2.  However, in its August 12 Order, this Court imposed the September 21, 2009 deadline for amending the Statement of Material Facts even though the Order also clearly contemplated that any briefing and argument on the motion to compel would have yet to be completed.  *See* Dkt. 330.  As such, any further discovery obligations resulting from the motion to compel are irrelevant.

Accordingly, this Court should view the Government's Motion for what it truly is—an attempt to delay that would be highly prejudicial to Mr. Al Qurashi.  The Court has stated its intention to hold a merits hearing in this proceeding prior to the end of 2009.  Mr. Al Qurashi cannot be expected to prepare for a merits hearing without a fair and complete understanding of the accusations against him.  If the Government is permitted until October 30, 2009 to file its motion for leave to file an amended Statement, then Mr. Al Qurashi will have almost no time to analyze the additional allegations, seek additional, targeted discovery if needed, file his Traverse, and prepare for a merits hearing.  It is simply not feasible to grant the extension and conduct a merits hearing by the end of the year.[2]

FOR THE FOREGOING REASONS, this Court should deny the Government's Motion.  Any other result would work an unjust delay and undue hardship to Petitioner.

---

[2] Moreover, if the Government is permitted until October 30, 2009 to file its motion to amend, then briefing on that motion will likely consume all of November.  As a result, Mr. Al Qurashi would not know whether he will be facing a new Statement until December at the earliest.  In addition, Mr. Al Qurashi and his counsel have a meeting scheduled for October 20, 2009 at Guantanamo Bay.  This date was chosen in reliance on the Court's scheduling orders and with the expectation that any amended Statement of Material Facts could be declassified and translated prior to the October 20, 2009 meeting.

3

Dated: September 22, 2009

                Respectfully submitted,

                Counsel for Petitioner:

                /s/ Michael Bhargava
                Eric P. Gotting
                DC Bar No. 456406
                Lauren M. Butcher
                DC Bar No. 494748
                Michael Bhargava
                DC Bar No. 978078
                **Winston & Strawn LLP**
                1700 K Street, NW
                Washington, DC 20006
                Tel: (202) 282-5000
                Fax: (202) 282-5100
                Email: egotting@winston.com

                Kimball R. Anderson
                **Winston & Strawn LLP**
                35 W. Wacker Drive
                Chicago, Illinois 60601-9703
                Tel: (312) 558-5600
                Fax: (312) 558-5700
                Email: kanderso@winston.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2009, I caused the foregoing document to be served via ECF to all registered counsel and via email and/or U.S. Mail to:

>David Frakt
>OFFICE OF MILITARY COMMISSIONS
>1099 14th Street, NW
>Suite 2000D
>Washington, DC 20005
>
>Joseph H. Hunt
>US Department of Justice
>Civil Division Federal Programs Branch
>P.O. Box 883
>Washington, DC 20044

>/s/ Michael Bhargava
>Michael Bhargava
>**Winston & Strawn LLP**
>1700 K Street, NW
>Washington, DC 20006
>Tel: (202) 282-5000
>Fax: (202) 282-5100
>Email: mbhargava@winston.com