

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SABRY MOHAMMED EBRAHIM )
AL QURASHI (ISN 570), )
  )
  Petitioner, )
  )
v. ) Civil Action No. 05-2385 (ESH)
  )
BARACK OBAMA, *et al.*, )
  )
  Respondents. )

## ORDER

Upon consideration of respondents' sealed Motion for a Stay of Proceedings ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the petitioner's opposition thereto, as well as his classified Traverse [*see* Dkt. 412] and classified Motion to Suppress the Government's Evidence [*see* Dkt. 427]; and for the reasons stated by the Court during the proceedings held this date, it is hereby **ORDERED** that respondents' motion for a stay is **DENIED IN PART.**

The Court acknowledges that similar motions by the government have previously been granted. However, it is also true that other judges on this Court have denied motions to stay, or lifted stays, and proceeded to the merits. *See Al-Adahi v. Obama*, No. 05-CV-280 (D.D.C. Nov. 16, 2009) (denying government's motion to stay merits hearing for Yemeni petitioner Bawazir (ISN 440) and rescheduling hearing for January 4, 2010); *Al-Jayfi v. Obama*, No. 05-CV-2104 (D.D.C. Nov. 6, 2009) (lifting stay and setting December 21, 2009 merits hearing for Yemeni petitioner Hussein (ISN 690)); *Mohammed v. Obama*, No. 05-CV-1347 (D.D.C. Nov. 19, 2009) (issuing writ to petitioner Mohammed (ISN 311), following August 11 denial of reconsideration of ▓▓▓▓▓▓▓▓▓▓▓ of government's request to reinstate stay of proceedings).

In reaching its conclusion, the Court has considered the unique circumstances of this case, including but not limited to the following factors:

(1) the strength of petitioner's case, especially the substantial evidence of torture that would impact the admissibility of petitioner's statements regarding the al-Farouq training camp, the lack of other credible evidence regarding his presence at al-Farouq, and the dearth of other reliable evidence to support a finding that detention is lawful;

(2) the imminence of the previously scheduled January 19, 2010 merits hearing;

(3) 

(4) the only Yemeni whose *habeas* petition has been granted but not appealed, *see Ala Bin Ali Ahmed v. Obama*, No. 05-CV-1678 (D.D.C. May 4, 2009) (granting writ of Yemeni petitioner Ahmed (ISN 692)), has been repatriated to Yemen ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

and

(5) "the costs of delay can no longer be borne by those who are held in custody," *Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008), and yet petitioner, who has spent seven years in detention at Guantanamo Bay ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Accordingly, at the January 19 merits hearing, the Court will consider evidence and argument limited solely to the question of petitioner's motion to suppress evidence relating to the government's allegation that petitioner was present at the al-Farouq training camp. The adjudication of this single issue will be straightforward and will not unduly burden the government as it pursues its responsibilities in other *habeas* proceedings.

**SO ORDERED.**

_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 10, 2009